OPINION
{¶ 1} Appellant, Steven J. Shaffer, appeals from the June 15, 2005 judgment entry of the Portage County Court of Common Pleas sentencing him to more than the minimum term of imprisonment for illegal manufacture of drugs and endangering children.
 {¶ 2} On April 14, 2005, the Portage County Grand Jury indicted appellant on the following charges: count one, illegal manufacture of drugs, in violation of R.C. 2925.04 and count two, endangering children, a third degree felony, in violation of R.C.2919.22(B)(6). On April 19, 2005, the trial court granted the State's motion to amend count one to include the following language, "said act being illegal manufacture of drugs, a felony of the first degree."
 {¶ 3} On May 31, 2005, appellant entered a plea of guilty on both counts of the indictment and the trial court referred the matter to the Adult Probation Department for a presentence investigation report. A sentencing hearing was held on June 13, 2005. By judgment entry filed on June 15, 2005, the court sentenced appellant to a seven-year prison term on count one and a three-year prison term on count two, the sentences to be served concurrently. The court also suspended appellant's driver's license for a three-year period and imposed a $10,000 mandatory drug fine.
 {¶ 4} Appellant timely appealed, raising the following assignments of error:
 {¶ 5} "[1.] The trial court erred as Defendant-Appellant's sentence is not supported by the record and is contrary to law because the court had no evidence to make the finding that imposing the minimum sentence would demean the seriousness of the offense as required by 2929.14(B).
 {¶ 6} "[2.] Defendant-appellant's sentence is contrary to law because the court erroneously relied on irrelevant, prejudicial and inflammatory remarks made by the prosecutor which implied a causal connection between Mr. Shaffer's conviction for methamphetamine and the death of his daughter where there is no evidence that he had any culpability for her death.
 {¶ 7} "[3.] The trial court erred when it imposed a sentence that was contrary to law when it failed to impose the shortest prison term when the additional findings needed to impose more than the minimum term were not found by a jury or admitted by the defendant."
 {¶ 8} By his first and third assignments of error, appellant makes statutory and constitutional challenges to the court's imposition of more than the minimum sentence for illegal manufacture of drugs, and endangering children. In sentencing appellant, the court relied upon the factors of R.C. 2929.14(B) to impose more than the minimum prison term.
 {¶ 9} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, at paragraph one of the syllabus, the Supreme Court held that R.C.2929.14(B) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296.
 {¶ 10} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B). After severance, judicial factfinding is not required before imposing a more than the minimum sentence. Foster at paragraph two of the syllabus.
 {¶ 11} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing more than the minimum sentences.Foster at paragraph seven of the syllabus.
 {¶ 12} In his second assignment of error, appellant argues that the prosecutor made inflammatory comments at his sentencing hearing that misled the trial court. Appellant concludes that the prosecutor's improper comments influenced the court in its findings under R.C. 2929.14(B), that the minimum sentence would "demean the seriousness of the crime." At his sentencing hearing, the prosecutor made statements that appellant was cooking methamphetamine in his home in the presence of his three children. The prosecutor further stated: "[appellant] also created a risk of harming the children by nature of the fire. They had a fire in their house a year or two prior that killed an eighteen month old baby."
 {¶ 13} Appellant concludes that these statements created an improper inference that his conduct of manufacturing methamphetamine caused the earlier death of his baby. However, he asserts that he was never arrested or charged for any crime relating to the fire.
 {¶ 14} The test regarding prosecutorial misconduct is "whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant." State v. Smith
(1984), 14 Ohio St.3d 13, 14. The Supreme Court of Ohio has held that inflammatory and purely derogatory comments are improper.State v. Liberatore (1982), 69 Ohio St.2d 583, 589. Further, we are mindful of the precedent in this court that a trial court may not consider a crime neither charged nor proven in sentencing an offender. State v. Greitzer, 11th Dist. No. 2003-P-0110,2005-Ohio-4037, at ¶ 35; State v. Stambolia, 11th Dist. No. 2003-T-0053, 2004-Ohio-6945, at ¶ 26.
 {¶ 15} However, since appellant's sentence is void and this matter is being reversed and the matter is remanded for resentencing, this assignment of error is moot.
 {¶ 16} The judgment of the Portage County Court of Common Pleas is reversed. Appellant's sentence is vacated. This matter is remanded for resentencing for proceedings consistent with this opinion pursuant to Foster.
Ford, P.J., O'Neill, J., concur.