OPINION
{¶ 1} The defendant-appellant, Christopher M. Wagner ("Wagner"), appeals the June 7, 2006 Judgment of sentence entered in the Court of Common Pleas, Union County, Ohio resentencing him to a term of fifteen months in prison.
 {¶ 2} On May 4, 2004, Wagner was present at an undercover operation at the residence of a drug dealer, Ronald Donahue, when an undercover drug transaction took place. During the transaction when the confidential informant was purchasing two ounces of cocaine from Ronald Donahue, Wagner was present and stated: "Well, for God's sake, just get separate baggies and weigh an ounce on each." Wagner then went and retrieved the baggies and gave them to Ronald Donahue who placed the cocaine in the baggies and completed the drug transaction with the confidential informant.
 {¶ 3} On April 13, 2005, Wagner was indicted by the Union County Grand Jury on one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the third degree, and one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), a felony of the third degree. On June 10, 2005, the State moved the trial court for an order to amend the count of trafficking in cocaine to a reduced charge as a felony of the fourth degree, in violation of R.C. 2925.03(A)(1) and R.C. 2925.03(C)(4)(c). The trial court granted the State's motion. On that same day, Wagner pled guilty to the second count in the indictment, as amended, trafficking in cocaine, a felony of the fourth degree and the first count was dismissed at the request of the State.
 {¶ 4} On August 10, 2005, Wagner was sentenced to a term of twelve months in prison on the fourth degree felony, fined $5,000.00, ordered to pay the costs of prosecution and $3,517.50 in restitution, and had his driver's license suspended for five years. On September 9, 2005, he filed a notice of appeal with this Court. His case was remanded for resentencing based on the ruling in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856 on May 15, 2006. On June 6, 2006, the trial court resentenced Wagner to a term of fifteen months in prison on the fourth degree felony, a fine of $5,000.00, the cost of prosecution and $3,517.50 in restitution and suspension of his driver's license for five years. The resentencing imposed a prison term three months longer than the original term imposed.
 {¶ 5} On July 7, 2006, Wagner filed a notice of appeal raising the following sole assignment of error:
 THE TRIAL COURT VIOLATED APPELLANT'S PROTECTIONS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT BY IMPOSING A MORE SEVERE SENTENCE AT RESENTENCING WITHOUT PROVIDING THE REASONS FOR THE INCREASED SENTENCE.
 {¶ 6} In Wagner's sole assignment of error, he maintains that the new, harsher sentence after this Court reversed and remanded his case for a new sentencing hearing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, was a result of vindictiveness and thus a violation of his Due Process rights.
 {¶ 7} The Fifth District Court of Appeals has considered whether a re-sentencing pursuant to the Supreme Court of Ohio's decision inFoster which imposes a harsher sentence is a result of vindictiveness inState v. Paynter, 5th Dist. No. CT2006-0034,2006-Ohio-5542 through analyzing the Supreme Court decision of NorthCarolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072. The Fifth District Court of Appeals held that because due process compelled the trial court to affirmatively explain the increase in its sentence in order to overcome the Pearce presumption of vindictiveness, it found that the reasons given by the trial court failed to ensure that a non-vindictive rationale led to the second, higher sentence. Therefore, the sentence in Paynter was remanded.
 {¶ 8} In Pearce, the Supreme Court set aside the sentence of a state prisoner who had successfully appealed his conviction but upon remand was given a harsher sentence. The Supreme Court held that a defendant's due process rights were violated when a harsher sentence was imposed as a result of vindictiveness in a successful appeal. The Supreme Court stated that, if a more severe sentence is imposed following appeal, the reasons for the harsher sentence must appear on the record and must be "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Id. at 726, 89 S.Ct. at 2081.
 {¶ 9} Following the decision in Pearce, the Supreme Court decidedWasman v. United States (1984), 468 U.S. 559, 104 S.Ct. 3217,82 L.Ed.2d 424. In Wasman, the Supreme Court clarified its Pearce holding by making it clear that enhanced sentences on remand were not prohibited unless the enhancement was motivated by actual vindictiveness against the constitutionally guaranteed rights. Wasman, 468 U.S. at 568. The Supreme Court further clarified the Pearce decision in Alabama v. Smith (1989),490 U.S. 794, 109 S.Ct. 2201 explaining that, unless there was a "reasonable likelihood" that the increased sentence was the product of actual vindictiveness, the burden was on the defendant to show actual vindictiveness. Id. at 799, 109 S.Ct. at 2204-05.
 {¶ 10} At the outset, we are not convinced that the traditional review for vindictiveness following an appeal invoked in the foregoing authorities and applied by the Fifth District in Paynter, is specifically applicable to sentencings under State v. Foster, where the original sentence has not simply been found to be in error but has been found to be void. Foster at ¶ 103. Moreover, we note the express statement of the Ohio Supreme Court in Foster on the issue of re-sentencing that "[w]hile the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greaterpenalties," Id. at ¶ 105 (emphasis added), citing United States v.DiFrancesco (1980), 449 U.S. 117, 134-136, 101 S. Ct. 426,66 L.Ed.2d 328. Of course, we are mindful that permitting the state toseek a greater penalty may also necessarily imply an obligation upon the state and the trial court to advance a reason for doing so.
 {¶ 11} Nevertheless, in view of the Foster and State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, decisions, we are reluctant to endorse the imposition of additional required findings upon the trial courts of the district in re-sentencings under Foster — particularly where it is either apparent or can be readily presumed that the original sentence was the result of constraint imposed by a sentencing factor which the Supreme Court of Ohio subsequently determined to be void; or where the trial court appears to have re-evaluated the record or considered additional factors at the re-sentencing.
 {¶ 12} Notwithstanding the foregoing reservations, the re-sentencing in this case is problematic. First, there is no information in the record from which we might presume that the initial sentence of 12 months, a mid-range sentence for this offense, was linked to or constrained by any sentencing factor subsequently struck down by theFoster decision. Second, the State in this case expressly stated at the re-sentencing that it did not seek any increase in the sentence. Third, the new judgment entry ordering a sentence of 15 months, (still less than the maximum sentence for this offense) provides no independent indication that it is the product of the removal of any prior sentencing constraint and, in fact, is based on exactly the same sentencing factors referred to by the trial court in its original sentencing.
 {¶ 13} Thus in the original judgment entry sentencing the defendant, the trial court stated "[t]he court has considered the record, oral statements, the victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11
and has balanced the seriousness and recidivism factors under R.C. 2929.12 and has considered the need for deterrence, incapacitation, rehabilitation and restitution." The court also found "that the shortest term possible would demean the seriousness of the offense and would not protect the public." No other basis, finding or explanation appears in the record and the defendant was sentenced to 12 months.
 {¶ 14} In the resentencing on remand, the judgment entry of the trial court states "[t]he court has considered the record, oral statements, any victim impact statement and the pre-sentence report prepared, and has balanced seriousness and recidivism factors. The Court finds that the shortest possible term would demean the seriousness of the offense and would not protect the public." At the resentencing hearing, following allocution, the trial judge did state "I went back over the presentence report." However there was no articulation of any new insight or observation from that review. No other basis, finding or explanation appears in the record and the defendant was sentenced to 15 months.
 {¶ 15} Under these circumstances, where the trial court has expressly referred without elaboration to the exact same set of findings and factors in both sentencings, we are not convinced that the record in support of the resentence to a higher prison term is sufficient to dispel a "reasonable likelihood of vindictiveness" in order to overcome the application of the United State Supreme Court authorities cited earlier. However, it is also our conclusion that such a record fails to establish that the resentence was not unreasonable, arbitrary or unconscionable so as to constitute an abuse of discretion directly under the Foster decision.
 {¶ 16} For all of the foregoing reasons, Warner's sole assignment of error is sustained, the sentence is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.
Judgment vacated and cause remanded.
 ROGERS and WALTERS, JJ., concur. (Walters, J., sitting by assignmentin the Third Appellate District.)