DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Rex Warden, appeals the April 19, 2996 judgment of the Wood County Court of Common Pleas which, following a remand from this court, sentenced appellant to a six-year term of imprisonment for trafficking in cocaine. For the following reasons we affirm the trial court's decision. *Page 2 
 {¶ 2} This case has been before the court on multiple occasions. Notably, on March 31, 2005, we granted appellant's motion to reopen his appeal on the issue of whether the consecutive sentences imposed by the trial court were contrary to law. On January 6, 2006, we held that the trial court erred in ordering that appellant's sentences be served consecutively, for a total of five years and 11 months, without first making, on the record, the findings required under R.C. 2929.14(E)(4) as set forth in State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one of the syllabus.
 {¶ 3} Following the April 11, 2006 sentencing hearing, appellant was sentenced to three concurrent sentences totaling six years of imprisonment. Appellant filed a timely notice of appeal and raises the following assignment of error:
 {¶ 4} "It constituted error to re-sentence appellant to serve a longer prison term than originally imposed."
 {¶ 5} In his sole assignment of error, appellant argues that upon remand the trial court erroneously sentenced him to an additional month of imprisonment. Appellant contends that the sentence violates his due process rights because the sentence was increased in the absence of any new information.
 {¶ 6} On February 27, 2006 (between our January 6, 2006 decision and appellant's April 11, 2006 sentencing hearing), the Supreme Court of Ohio found that various provisions of the Ohio sentencing statutes were unconstitutional because they required judicial factfinding in violation of a defendant's Sixth Amendment rights. State v. Foster, *Page 3 109 Ohio St.3d 1, 2006-Ohio-856. The court severed those provisions including R.C. 2929.14(D)(4), which addressed consecutive sentences.
 {¶ 7} As to the application of Foster, the court stated: "Under R.C.2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing, although the parties may stipulate to the sentencing court's acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties. United States v.DiFrancesco (1980), 449 U.S. 117, 134-136, 101 S.Ct. 426,66 L.Ed.2d 328." Id., ¶ 105.
 {¶ 8} In North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072,23 L.Ed.2d 656, the United States Supreme Court held:
 {¶ 9} "[Whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Id. at 726.
 {¶ 10} The Pearce holding was limited by the United States Supreme Court's decisions in Wasman v. U.S. (1984), 468 U.S. 559,104 S.Ct. 3217, 82 L.Ed.2d 424 and Alabama v. Smith (1989), 490 U.S. 794,109 S.Ct. 2201, 104 L.Ed.2d 865. In Wasman, the court held that where a sentencing judge states his reasons for imposing a more severe *Page 4 
sentence, the presumption of vindictiveness is rebutted. Specifically, in Wasman the defendant had a criminal conviction in the interim between his original sentence and his resentencing after retrial. Id. at 569-570.
 {¶ 11} In Alabama v. Smith, the court emphasized that thePearce "presumption of vindictiveness" does not apply in every case where a defendant receives a higher sentence following a retrial. Id. at 799. In Smith, the defendant received a higher sentence after trial than he received following a guilty plea which was subsequently vacated. The court noted that, following trial, the judge had more sentencing information available than following the guilty plea. The judge was also able to observe the defendant's demeanor during trial. TheSmith court then determined that there was no presumption of vindictiveness and that because the defendant had failed to demonstrate actual vindictiveness, the sentence was proper. Id. at 799-800.
 {¶ 12} We now turn to the issue at hand; namely, whether, and to what extent, North Carolina v. Pearce and its progeny apply to cases where a defendant receives a harsher sentence after remand and a resentencing conducted in accordance with Foster.[1] In State v. Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542, the Fifth Appellate District, applyingPearce, found that because the trial court failed to explain why it *Page 5 
imposed an increased sentence upon remand, it was presumed that the sentence was vindictive in nature.[2]
 {¶ 13} In State v. Wagner, 3d Dist. No. 14-06-30, 2006-Ohio-6855, the Third Appellate District expressed its reluctance to apply the traditional Pearce analysis to Foster resentencings. The court distinguished Foster cases which find that the original sentences were void. Id., ¶ 10. The court stated:
 {¶ 14} "[W]e are reluctant to endorse the imposition of additional required findings upon the trial courts of the districts in re-sentencings under Foster-particularly where it is either apparent or can be readily presumed that the original sentence was the result of constraint imposed by a sentencing factor which the Supreme Court of Ohio subsequently determined to be void; or where the trial court appears to have re-evaluated the record or considered additional factors at resentencing." Id., ¶ 11.
 {¶ 15} The Wagner court vacated the sentence because there was no evidence of the above-quoted factors. The court noted that the sentence imposed was in the mid-range, the state specifically did not seek an increased sentence, and the new sentence was based on the identical factors referred to by the trial court in its original sentencing. Id., ¶ 12. See State v. Andrews, 12th Dist. No. CA2006-06-142, 2007-Ohio-223
(citing Wagner, the appellant's increased sentence was affirmed where his bond violation was new information at resentencing.) We agree withWagner that the Pearce "presumption" does not apply with equal force with regard to resentencings conducted in accordance *Page 6 
with Foster. Review of the propriety of an increased sentence must be done on a case-by-case basis.
 {¶ 16} In the present case, at the April 11, 2006 sentencing hearing the state specifically requested that appellant's prison sentence be increased from five years and 11 months to eight years. In support, the state argued that in 2005, two years after his original sentencing, appellant was still not accepting responsibility for his actions and appellant believed that the law enforcement involved in the investigation "railroaded" him. The state further argued that other defendants involved in the drug transactions that cooperated and accepted full responsibility, received between two and four-year prison sentences; another individual received a six-year prison sentence.
 {¶ 17} Conversely, appellant, arguing for a reduced sentence, provided evidence of the programs he had completed in prison, indicated that he was being treated for his bipolar disorder, and stated that he was truly remorseful. Appellant's counsel further argued that consecutive sentences in this case were not warranted because it would be, in essence, "sentencing the defendant twice for the same behavior." Counsel also requested a waiver of the mandatory $10,000 fine.
 {¶ 18} Imposing appellant's sentence, the trial court stated:
 {¶ 19} "At this time I see no reason, although I have some sympathy for the defendant's efforts. And I encourage him to continue in those efforts, I think the Court made the appropriate sentence, I do tend to agree with [appellant's counsel] that perhaps there ought to be a slight restructuring of how I do it. So what I'm going to do it the *Page 7 
following. I'm going to impose again 11 months on Count 1. That's the same. Two years on Count 2. That's the same. And six years on Count 4. But I'm going to make them concurrent, recognizing the point that there is some foundation here of activity for which there shouldn't be double sentencing. So to kind of clean up, I'm basically giving the same six-year sentence. However, I'm making it concurrent with the Count 4. Being a six-year sentence, I don't have to rationalize anything beyond the minimum. I think I gave a minimum on that engaging in a pattern of corrupt activity charge before, and I don't have to do that now.
 {¶ 20} "Again, not that I'm not sympathetic, but I think that's the appropriate sentence."
 {¶ 21} In a subsequent judgment entry, the court found appellant indigent and waived the mandatory $10,000 fine.
 {¶ 22 Unlike the facts in Wagner, supra, the state vigorously argued for an increased sentence. Further, the state presented information of events which occurred following appellant's original sentencing. Although the trial court did not specifically reference the state's arguments when it imposed the additional month of imprisonment, we cannot say, after careful review of the facts of this case, that appellant has demonstrated that the sentence was vindictive in nature or that the trial court abused its discretion. Accordingly, we find that appellant's assignment of error is not well-taken.
 {¶ 23} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Wood County Court of *Page 8 
Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., JUDGE, Mark L. Pietrykowski, P.J., JUDGE, William J. Skow, J ., JUDGE concur.
[1] Although appellant's case was not remanded for resentencing pursuant to Foster, the parties and the trial court agreed that appellant's resentencing was to be conducted in accordance withFoster.
[2] The sentence was increased from four years and eight months to four years and eleven months. *Page 1