OPINION
{¶ 1} Appellant, Steven J. Shaffer, appeals from the November 9, 2006 judgment entry of the Portage County Court of Common Pleas, in which he was resentenced for illegal manufacture of drugs and endangering children.
 {¶ 2} On April 14, 2005, the Portage County Grand Jury indicted appellant on the following charges: count one, illegal manufacture of drugs, a felony of the second degree, in violation of R.C. 2925.04; and count two, endangering children, a third *Page 2 
degree felony, in violation of R.C. 2919.22(B)(6). On April 19, 2005, the trial court granted the motion of appellee, the state of Ohio, to amend count one to include the following language, "said act being illegal manufacture of drugs, a felony of the first degree."
 {¶ 3} On May 31, 2005, appellant entered a plea of guilty on both counts of the indictment. The trial court accepted appellant's guilty plea and referred the matter to the Adult Probation Department for a presentence investigation report. A sentencing hearing was held on June 13, 2005.
 {¶ 4} Pursuant to its June 15, 2005 judgment entry, the trial court sentenced appellant to a seven-year prison term on count one and a three-year prison term on count two, to be served concurrently. The trial court also suspended appellant's driver's license for a three-year period and imposed a $10,000 mandatory drug fine.
 {¶ 5} Appellant timely appealed, Case No. 2005-P-0061, raising the following assignments of error:
 {¶ 6} "[1.] The trial court erred as Defendant-Appellant's sentence is not supported by the record and is contrary to law because the court had no evidence to make the finding that imposing the minimum sentence would demean the seriousness of the offense as required by 2929.14(B).
 {¶ 7} "[2.] Defendant-appellant's sentence is contrary to law because the court erroneously relied on irrelevant, prejudicial and inflammatory remarks made by the prosecutor which implied a causal connection between Mr. Shaffer's conviction for methamphetamine and the death of his daughter where there is no evidence that he had any culpability for her death. *Page 3 
 {¶ 8} "[3.] The trial court erred when it imposed a sentence that was contrary to law when it failed to impose the shortest prison term when the additional findings needed to impose more than the minimum term were not found by a jury or admitted by the defendant."
 {¶ 9} On September 22, 2006, this court vacated appellant's sentence, reversed the judgment, and remanded the matter to the trial court for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. State v. Shaffer, 11th Dist. No. 2005-P-0061,2006-Ohio-4939.[1]
 {¶ 10} Pursuant to our remand, the trial court resentenced appellant according to Foster on November 6, 2006.[2] Based on its November 9, 2006 judgment entry, the trial court sentenced appellant to eight years in prison on count one and three years on count two, to be served concurrently. The trial court also fined appellant $5,000 and the costs of the proceedings. It is from that judgment that appellant filed the instant appeal and makes the following assignments of error:
 {¶ 11} "[1.] The trial court abused its discretion and erred as a matter of law by failing to vacate [appellant's] guilty plea prior to sentencing.
 {¶ 12} "[2.] The trial court erred as a matter of law by re-sentencing appellant to a harsher sentencing following an appeal, which violated his rights under the due process clause of the United States and Ohio Constitutions."
 {¶ 13} In his first assignment of error, appellant argues that the trial court abused *Page 4 
its discretion by failing to vacate his guilty plea prior to his resentencing. Appellant contends that he should have been afforded a hearing. Also, appellant stresses that his counsel led him to believe that if he pleaded guilty, he would have received the minimum sentence, and that an irrelevant and improper remark by the prosecutor brought him an unfair sentence at the first sentencing hearing. We disagree.
 {¶ 14} Crim.R. 32.1 states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "This rule provides a fairly stringent standard for deciding a postsentence motion to withdraw a guilty plea, but gives no guidelines for deciding a presentence motion." State v. Banks, 7th Dist. No. 05-MA-95, 2006-Ohio-5836, at ¶ 10, citing State v. Xie (1992),62 Ohio St.3d 521, 526.
 {¶ 15} "An appellate court will review the trial court's determination of the Crim.R. 32.1 motion for an abuse of discretion." State v.Desellems (Feb. 12, 1999), 11th Dist. No. 98-L-053, 1999 Ohio App. LEXIS 458, at 8, citing State v. Blatnik (1984), 17 Ohio App.3d 201, 202. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Desellems, supra, at 8, citing State v.Montgomery (1991), 61 Ohio St.3d 410, 413.
 {¶ 16} Although a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, a trial court should "freely and liberally grant" a presentence motion to withdraw a plea.Xie, supra, at 527. Upon a motion to withdraw a plea a *Page 5 
court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." Id.
 {¶ 17} A trial court does not abuse its discretion in overruling a motion to withdraw (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980), 68 Ohio App.2d 211, 214.
 {¶ 18} In the case at bar, at the beginning of the November 6, 2006 sentencing hearing, appellee recommended an eight year sentence, one year more than his previous sentence. Just before appellant was to be sentenced, he orally moved to withdraw his plea. The trial court conducted a hearing on the motion by allowing appellant to state his reasons for withdrawing his guilty plea. See State v. Payne, 12th Dist. No. CA2006-01-010, 2006-Ohio-6539, at ¶ 11.
 {¶ 19} A review of the sentencing transcript reveals that appellant stated two reasons: his first reason was that his attorney lead him to believe that if he pleaded guilty, he would receive the minimum sentence; and his second reason was that he believed that an irrelevant and improper remark made by the prosecutor brought him an unfair sentence at his first sentencing hearing on June 15, 2005.
 {¶ 20} Appellant's written plea of guilty raises the presumption that his plea was entered into knowingly, voluntarily, and intelligently. Thus, it appears he suffered a change of heart at the November 6, 2006 hearing after he realized he could be *Page 6 
sentenced to a greater sentence. Rather than to assert his innocence, appellant's Crim.R. 32.1 motion essentially amounted to a desire for a shorter prison term. Although appellant's motion was made prior to sentencing, this does not convert his request to an absolute right.Xie, supra, at 527. "A defendant who has a change of heart regarding his guilty plea should not be allowed to withdraw that plea just because he realizes than an unexpected sentence may be imposed." Payne, supra, at ¶ 11, quoting State v. Ward, 12th Dist. No. CA2005-05-033,2006-Ohio-1662, at ¶ 14. See, also, State v. Ready, 11th Dist. No. 2001-L-150, 2002-Ohio-7138, at ¶ 28 (holding that the appellant's change of heart was an inadequate basis for granting a motion to withdraw a guilty plea.)
 {¶ 21} Appellant failed to establish that the trial court abused its discretion by denying his Crim.R. 32.1 motion.
 {¶ 22} Appellant's first assignment of error is without merit.
 {¶ 23} In his second assignment of error, appellant alleges that the trial court erred by resentencing him to a harsher sentence which violated his rights under the Due Process Clause of the United States and Ohio Constitutions. We disagree.
 {¶ 24} Appellant relies on North Carolina v. Pearce (1969),395 U.S. 711, for the proposition that absent an affirmative showing of the trial court's reasons for imposing a harsher sentence on remand, there is a presumption of vindictiveness which violates a defendant's due process rights. The Supreme Court in Pearce set aside the sentence of a state prisoner who had successfully appealed his conviction but upon remand was given a harsher sentence. The Supreme Court held that a defendant's due process rights were violated when a harsher sentence was imposed as a result of vindictiveness *Page 7 
in a successful appeal. The Supreme Court stated that, if a more severe sentence is imposed following appeal, the reasons for the harsher sentence must appear on the record and must be "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Id. at 726.
 {¶ 25} Following the decision in Pearce, the Supreme Court decidedWasman v. United States (1984), 468 U.S. 559, which clarified itsPearce holding by making it clear that enhanced sentences on remand were not prohibited unless the enhancement was motivated by actual vindictiveness against the constitutionally guaranteed rights.Wasman at 568.
 {¶ 26} The Supreme Court further clarified the Pearce decision inAlabama v. Smith (1989), 490 U.S. 794, explaining that, unless there was a "reasonable likelihood" that the increased sentence was the product of actual vindictiveness, the burden was on the defendant to show actual vindictiveness. Id. at 799.
 {¶ 27} The Pearce "presumption" does not apply with equal force with respect to resentencing conducted in accordance with Foster, sinceFoster cases are based on void sentences rather than sentences found to be in error. State v. Wagner, 3d Dist. No. 14-06-30, 2006-Ohio-6855, at ¶ 10; State v. Warden, 6th Dist. No. WD-06-041, 2007-Ohio-1046, at ¶ 15.
 {¶ 28} "While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties."Foster at ¶ 105, citing United States v. DiFrancesco (1980),449 U.S. 117, 134-136. (Emphasis added.) "Of course, we are mindful that permitting the state to seek a greater penalty may also necessarily *Page 8 
imply an obligation upon the state and the trial court to advance areason for doing so." Wagner, supra, at ¶ 10. (Emphasis sic.)
 {¶ 29} "Nevertheless, in view of the Foster and State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855
* * * decisions, we are reluctant to endorse the imposition of additional required findings upon the trial courts of the district in re-sentencings under Foster — particularly where it is either apparent or can be readily presumed that the original sentence was the result of constraint imposed by a sentencing factor which the Supreme Court of Ohio subsequently determined to be void; or where the trial court appears to have re-evaluated the record or considered additional factors at the re-sentencing." Wagner, supra, at ¶ 11. (Parallel citation omitted.)
 {¶ 30} R.C. 2929.14(A)(1) provides: "[f]or a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years."
 {¶ 31} R.C. 2929.14(A)(3) states: "[f]or a felony of the third degree, the prison term shall be one, two, three, four, or five years."
 {¶ 32} In the case at bar, appellant entered a written guilty plea to illegal manufacture of drugs, a felony of the first degree, and was sentenced on November 9, 2006, to eight years, within the statutory range. R.C. 2929.14(A)(1). Also, appellant pleaded guilty to endangering children, a felony of the third degree, and was sentenced to three years, within the statutory range. R.C. 2929.14(A)(3). "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, supra, at paragraph seven of the syllabus. See, also, State v.Mack, 11th Dist. No. 2006-P-0097, 2007-Ohio-3363, at ¶ 8 (holding *Page 9 
that post-Foster, the trial court may impose any sentence within the statutory range, and is not required to impose the shortest authorized sentence.)
 {¶ 33} Here, we do not determine the resentencing in this case to be problematic. First, the record shows that appellee specifically requested a greater sentence of eight years. Second, it appears the trial court re-evaluated the record in resentencing appellant, specifically indicating that appellant admitted, in the PSI report, that he was "cooking meth, going from house to house. Children were present." Third, appellant's new sentence of eight years falls within the statutory range for a first degree felony. R.C. 2929.14(A)(1). Therefore, appellant's new sentence was not unreasonable, arbitrary, or unconscionable so as to constitute an abuse of discretion directly under the Foster decision.
 {¶ 34} Appellant's second assignment of error is without merit.
 {¶ 35} For the foregoing reasons, appellant's assignments of error are not well-taken.
 {¶ 36} The judgment of the Portage County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs,
COLLEEN MARY OTOOLE, J., dissents with a Dissenting Opinion.
[1] This court determined that since appellant's sentence was void, his second assignment of error was moot.
[2] Prior to the sentencing, appellant orally moved the trial court to withdraw his previously entered guilty plea, which was denied. *Page 10