OPINION *Page 2 
{¶ 1} John W. Smith ("Appellant") appeals from the sentence imposed on him by the Morrow County Common Pleas Court on May 16, 2007, following remand from this Court, and upon conviction of kidnapping and rape charges.
STATEMENT OF THE CASE[1]
 {¶ 2} The Morrow County Grand Jury indicted Appellant on one count of rape, in violation of R.C. 2907.02(A), a felony of the first degree, and one count of kidnapping, in violation of R.C. 2905.01(A)(4), a felony of the first degree, with a sexual motivation specification. Both counts contained specifications alleging that Appellant was a sexually violent predator and a repeat violent offender.
 {¶ 3} On October 30, 2001 a jury found Appellant guilty on both counts of the indictment. Appellant elected to have the specification tried by the trial court prior to sentencing. Approximately one month later, the trial court conducted a specification hearing. Based upon a 1989 sexual battery conviction, the trial court found Appellant guilty of the sexually violent predator specifications in both counts of the indictment. The trial court also found that the sexual motivation specification of the kidnapping had been proven. The State withdrew the repeat violent offender specifications.
 {¶ 4} The trial court then sentenced Appellant to an indefinite term of seven years to life on each count to be served concurrently.
 {¶ 5} Appellant appealed to this Court. This Court in State v.Smith, Morrow App. 02CA0957, 2003-Ohio-3416, affirmed Appellant's convictions but reversed the trial court's judgment of sentence because the trial court did not have sufficient evidence to *Page 3 
support a conviction on the sexually violent predator specification. The case was then remanded for resentencing.
 {¶ 6} The State appealed our decision to the Ohio Supreme Court. The Ohio Supreme Court in State v. Smith, 104 Ohio St.3d 106, 2004-Ohio-6238
affirmed this Court's decision and remand the case for a new sentencing hearing.
 {¶ 7} On April 15, 2005, the trial court conducted a resentencing hearing. The trial court sentenced Appellant to serve ten years in prison for the rape conviction and nine years in prison for the kidnapping conviction. The trial court ordered that the sentences be served consecutively for an aggregate sentence of 19 years. The trial court further found that rape and kidnapping are not allied offenses of similar import.
 {¶ 8} Appellant appealed to this Court. This Court in State v.Smith, Morrow App. No. 05-CA-0007, 2006-Ohio-5276 affirmed in part and reversed in part, and remanded the case to the trial court resentencing in accordance with State v. Foster, 109 Ohio St.3d, 845 N.E. 2d 470,2006-Ohio-856.
 {¶ 9} On April 27, 2007, the trial court again resentenced Appellant. The trial reimposed the same sentence it had imposed in 2005. The trial court sentenced Appellant to ten years on the raped conviction and nine years on the kidnapping conviction to be served consecutively for an aggregate sentence of 19 years. The sentencing entry was on filed May 16, 2007.
 {¶ 10} It is from this decision that Appellant now appeals raising three Assignments of Error:
 {¶ 11} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO SERVE NONMINIMUM, CONSECUTIVE PRISON TERMS." *Page 4 
 {¶ 12} "II. THE TRIAL COURT ERRED WHEN IT IMPOSED MAXIMUM, CONSECUTIVE SENTENCES."
 {¶ 13} "III. THE TRIAL COURT ERRED BY IMPOSING A HARSHER SENTENCE UPON APPELLANT IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."
 I and II {¶ 14} Appellant's first and second assignments of error are interrelated and will be addressed together. Appellant argues the imposition of non-minimum, consecutive prison terms violate the United States and Ohio Constitutions. Specifically, Appellant argues his post-Foster sentencing violates the ex post facto and due process clauses. This Court exhaustively addressed and rejected the same issues in State v. Paynter, Muskingum App. No. CT2006-0034,2006-Ohio-5542. Appellant requests we reconsider our decision inPaynter, however, we decline to do so and adopted the sound reasoning ofPaynter in rejecting the arguments advanced by Appellant.
 {¶ 15} Based upon this Court's holding in Paynter, we find the sentence imposed in this case did not violate the due process or the ex post facto clauses of the United States or Ohio Constitutions.
 {¶ 16} Appellant further asserts the trial court made contradictory findings about the severity of Appellant's crimes in between the first and third sentencing in regards to the imposition of consecutive sentences. Appellant contends the trial court was required to explain itself on the record. However, we note that the Foster decision explicitly vests power with the trial court to impose consecutive sentences. "[T]rial courts *Page 5 
have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences."Foster, 109 Ohio St.3d at 30.
 {¶ 17} In this case, the trial court's sentence is within the statutory range for first degree felonies which is three to ten years. Therefore, Appellant's sentence was not unreasonable, arbitrary or unconscionable so as to constitute an abuse of discretion.
 {¶ 18} Accordingly, Appellant's first and second assignments of error are overruled.
 III. {¶ 19} In his third assignment of error, Appellant contends that the new sentence resulted in a harsher sentence and thus is presumptively vindictive and in violation of his due process rights. We disagree.
 {¶ 20} As an initial matter, we are not convinced by Appellant's argument that his post-Foster sentence of 19 years is more severe than his initial sentence of seven years to life. Obviously, under a possible life sentence, Appellant could have remained in prison much longer than 19 years.
 {¶ 21} However, even assuming 19 years is longer than a life sentence, in the post-Foster era of sentencing, the presumption of vindictiveness as set forth in North Carolina v. Pearce (1969), 395 U.S. 711, does not apply with equal force because Foster cases are based on void sentences rather than sentences found to be in error.
 {¶ 22} In North Carolina v. Pearce (1969), 395 U.S. 711,89 S.Ct. 2072, the Supreme Court set aside the sentence of a state prisoner who had successfully appealed his conviction but upon remand was given a harsher sentence. The Court *Page 6 
stated that a defendant's due process rights were violated when, after a successful appeal, a harsher sentence was imposed as a result of vindictiveness. The Court went on to hold that, if a more severe sentence is imposed following appeal, the reasons for the harsher sentence must appear on the record and must be "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding."Id. at 726, 89 S.Ct. at 2081. Subsequent to the decision inPearce, the Supreme Court decided Wasman v. United States (1984),468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424. In Wasman, the Court clarified its Pearce holding by making it clear that enhanced sentences on remand were not prohibited unless the enhancement was motivated by actual vindictiveness against the defendant as punishment for having exercised his constitutionally guaranteed rights. 468 U.S. at 568,104 S.Ct. at 3222-23. The Supreme Court further clarified the Pearce doctrine inAlabama v. Smith (1989), 490 U.S. 794, 109 S.Ct. 2201 explaining that, unless there was a "reasonable likelihood" that the increased sentence was the product of actual vindictiveness, the burden was on the defendant to show actual vindictiveness. Id. at 799,109 S.Ct. at 2204-05."
 {¶ 23} Several Ohio appellate courts have addressed the application ofPearce and its progeny to post-Foster resentencing cases and have found the propriety of an increased sentence must be done on a case-by-case basis in light of the expressed statement of the Ohio Supreme Court inFoster that "[w]hile the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties."Foster, at ¶ 103. See, State v. Shaffer, 11th Dist. App. No. 2006-P-0115, 2007-Ohio-6404 (holding that post-Foster, trial court may impose sentence within *Page 7 
statutory range and can re-evaluate the record); State v. Warden, 6th Dist. App. No. WD-06-041, 2007-Ohio-1046 (additional months of imprisonment reviewed on abuse of discretion standard in accordance withFoster); and State v. Wagner, 3rd Dist. App. No. 14-06-30,2006-Ohio-6855 (reluctance to apply traditional Pearce analysis toFoster resentencings in which original sentences are void).
 {¶ 24} In the case sub judice, the trial court imposed the same sentence pre-Foster (second sentencing) as it did post-Foster (third sentencing), as suggested by the prosecutor, and stated: "I'm looking at the purposes and principles of sentencing. My understanding is what the Supreme Court indicated is they felt that the Court should not have to look at those criteria and when the original sentencing was — the matter for sentencing was originally before the Court, I believe that I had to. * * * But it seems to me that I'm not being inconsistent from this perspective. If I hadn't attempted to do my best to follow what I understood the law to be at that time I probably would have sentenced like I did the last time around." April 27, 2007 Sentencing Hearing at 7-8. The trial court further elaborated the Appellant's conduct was "the most egregious thing that someone could do to a female" and this was "the most serious offenses that you can have as a human being living in a civilized society." Id at 9.
 {¶ 25} After careful review of the record, we find Appellant has not demonstrated that the sentence was vindictive in nature or that the trial court abused its discretion.
 {¶ 26} Accordingly, we find Appellant's third assignment of error is not well-taken and is overruled. *Page 8 
 {¶ 27} The decision of the Morrow County Common Pleas Court is affirmed.
 Delaney, J. Hoffman, P.J. and Farmer, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morrow County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] A Statement of Facts is not necessary to the disposition of this appeal. *Page 1