OPINION
{¶ 1} Defendant-appellant, Richard Fernbach, appeals a decision of the Warren County Court of Common Pleas resentencing him after his sentence was reversed and the case remanded for resentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} In June 2005, appellant was indicted for felonious assault, domestic violence and endangering children. The charges were the result of an incident in which appellant *Page 2 
broke his girlfriend's jaw while their child was present. On August 3, 2005, as part of a plea bargain, appellant pled guilty to felonious assault and the remaining charges were dismissed.
 {¶ 3} On August 29, 2005, while awaiting sentencing on the first case, appellant was indicted on charges of intimidation of a witness, menacing by stalking and four counts of violation of a protective order. These charges were filed after it was discovered that appellant called the victim from jail several times and during these conversations threatened and harassed her.
 {¶ 4} In November 2005, as part of a plea bargain in the second case, appellant pled guilty to intimidation of a witness and two counts of violation of a protection order. The menacing by stalking charge and the remaining two counts of violating a protective order were dismissed.
 {¶ 5} The court then proceeded to sentencing on both cases. The trial court sentenced appellant to four years in prison on the felonious assault conviction. In the second case, the court sentenced appellant to three years on the intimidation of a witness, three years on one of the violation of a protection order counts and 11 months for the other count of violation of the protective order. The court ordered the three sentences in the second case to run concurrent to each other, and ordered the sentence in the first case to run consecutive to the sentences in the second case.
 {¶ 6} Appellant appealed to this court and we reversed his sentence based on State v. Foster, and remanded the case to the trial court for resentencing. At the resentencing hearing, the state requested a sentence greater than the original sentence. The state also played a recording of one of the phone conversations that was the basis for the intimidation of a witness and violation of protection order charges. The court again sentenced appellant to four years in prison on the felonious assault count in the first case. In the second case, *Page 3 
the court sentenced appellant to four years in prison on the intimidation of a witness count, four years for violation of a protective order, and 11 months on the second count of violation of a protective order. The court again ordered the sentences in the second case to run concurrently and the sentence in the first case to run consecutive to the sentences in the second case.
 {¶ 7} Appellant now appeals the court's decision after resentencing, raising four assignments of error for our review.[1]
 Continuance Request {¶ 8} Appellant first argues that the trial court's denial of a request by his counsel for a continuance denied him of the effective assistance of counsel.
 {¶ 9} The decision to grant or deny a motion for a continuance is a matter within the sound discretion of the trial court. State v.Unger (1981), 67 Ohio St.2d 65, 67. Absent an abuse of discretion, a reviewing court will not disturb a trial court's decision denying a motion for a continuance. State v. Grant, 67 Ohio St.3d 465, 479,1993-Ohio-171. An abuse of discretion is more than an error of law or judgment; rather, it requires a finding that the trial court's decision is unreasonable, arbitrary, or unconscionable. See State v.Hancock, 108 Ohio St .3d 57, 2006-Ohio-106. "Whether the court has abused its discretion depends upon the circumstances, `particularly * * * the reasons presented to the trial judge at the time the request is denied.'" State v. Powell (1990), 49 Ohio St.3d 255, 259, quotingUngar v. Sarafite (1964), 376 U.S. 575, 589, 84 S.Ct. 841. The reviewing court must weigh the potential prejudice to the defendant against the trial court's "right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." Powell at 259.
 {¶ 10} In addition, appellant alleges that the trial court's denial of his continuance *Page 4 
request rendered his trial counsel ineffective. In determining whether counsel's performance constitutes ineffective assistance, an appellate court must find that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result.Strickland v. Washington (1984), 466 U.S. 668, 687-688, 694,104 S.Ct. 2052. In demonstrating prejudice, an appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. at 694. A strong presumption exists that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. Id at 689.
 {¶ 11} This case was remanded to the trial court for resentencing based on the trial court's use of sentencing provisions subsequently found unconstitutional in State v. Foster. A resentencing hearing was held on October 10, 2006. At the hearing, a request by counsel to withdraw was discussed and appellant indicated he was dissatisfied with his current counsel. Appellant also attempted to present evidence and argument to the court regarding why his counsel was not acting in his best interest. The court noted that appellant had the same types of issues with the attorney representing him at the time of entering his pleas and the case had to be continued several times for those issues, but granted counsel's request to withdraw.
 {¶ 12} After much discussion with appellant about who would represent him, the court appointed an attorney to represent appellant and told him that he could try to obtain the services of a private attorney if he desired. After further discussion by the parties about setting a date and giving appellant time to contact counsel who represented him at the time of the plea to possibly represent him again, the court agreed to a 30-day continuance. *Page 5 
 {¶ 13} The hearing was set for October 27[2] and on that date, appellant appeared in court with the attorney who had represented him in juvenile court in matters involving visitation with his daughter. The attorney requested a continuance based on the fact that appellant wanted to withdraw his plea. Counsel also stated that he would like to have more time to prepare for purposes of sentencing. The state objected to a continuance, arguing that they had been in court several times on the case, sentencing was conducted once, there had been an appeal, the case was now back again, and some finality was necessary in the matter. Appellant and his counsel then discussed the reasons for requesting to withdraw the plea. After listening to appellant's arguments, the court then indicated that it was not going to set aside appellant's plea. There was no further discussion regarding counsel's request for more time to prepare for sentencing. The court proceeded to sentencing, with the state arguing for a greater sentence and appellant's counsel arguing on his behalf.
 {¶ 14} We find no abuse of discretion in the trial court's decision to deny the request for a continuance. Appellant's counsel was familiar with the facts of the case and did not present any argument why additional time was needed to prepare for sentencing. In addition, the case had been continued previously for appellant to retain new counsel, a pattern that had been set by several previous continuances in the case. Moreover, the case was remanded based on the unconstitutionality of parts of the sentencing statute, and so the facts on which the charges were based were the same as at the previous hearing. Appellant was put on notice at the October 10, 2006 hearing that the state would be seeking a higher penalty so the state's request was not a surprise.
 {¶ 15} In addition, we find no indication that appellant's counsel was ineffective at the sentencing hearing, or that appellant was prejudiced in any manner by his counsel's *Page 6 
representation. His attorney was familiar with the case and presented arguments and witnesses who testified and argued on behalf of leniency for appellant. Appellant's counsel objected to the admission of a phone call that was played at sentencing and when the objection was overruled, he presented appropriate argument regarding interpretation of the phone call.
 {¶ 16} Accordingly, because the trial court did not abuse its discretion in overruling the request for a continuance and the evidence does not show that appellant's counsel was ineffective, appellant's first assignment of error is overruled.
 Denial of Motion to Withdraw Guilty Plea {¶ 17} In his second assignment of error, appellant argues that the court erred in denying his request to withdraw his guilty pleas. Appellant requested to withdraw his guilty pleas at the start of the resentencing hearing. His request was based on the argument that his plea was not knowing, voluntary or intelligent. Specifically, appellant stated that he wanted to go to trial, but his counsel was ineffective and did not allow him to do so and he felt pressured into taking the plea.
 {¶ 18} On appeal, appellant argues that his previous attorneys failed to advise him of "various aspects of sentencing crucial to his decision to plead or not." At the resentencing hearing, appellant argued that he had told both of his attorneys he wanted to take the cases to trial, that he didn't understand the effects of the plea, that there was an agreement to a two-year sentence in the first case, and that he did not have any confidence in his attorneys and felt pressured into taking the plea. The trial court stated that there was never a deal made with regard to sentencing, that appellant was informed of the possible penalties, appellant stated he was satisfied with the advice of counsel and stated that he understood what he was doing and was pleading voluntarily. The court then denied the motion. *Page 7 
 {¶ 19} We begin by noting that the issues now raised by appellant regarding his plea could have been raised in appellant's first appeal of the case to this court and are therefore barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant from further litigation of issues which were raised or could have been raised previously in an appeal.State v. Perry (1967), 10 Ohio St.2d. 175; State v. Gaston, Cuyahoga App. No. 82628, 2003-Ohio-5825, ¶ 8; State v. Herbert, Wyandot App. No. 16-06-12, 2007-Ohio-4496, ¶ 17. Likewise, in the specific context ofFoster resentencing cases, other courts are in accord with refusing to consider issues that should have or could have been raised in the first direct appeal. State v. McLeod III, Jefferson App. No. 07-JE-17,2008-Ohio-3405, ¶ 16.
 {¶ 20} Nonetheless, appellant's argument that he should have been allowed to withdraw his guilty plea lacks merit as the record shows the court's decision was not an abuse of discretion. State v. Smith (1977),49 Ohio St.2d 261. The good faith, credibility, and weight to be given to assertions made by a defendant in support of a motion to withdraw a guilty plea are matters to be resolved by the trial court. Id. at 264.
 {¶ 21} When discussing appellant's motion to withdraw, the court stated that appellant initially pled guilty to felonious assault and was told that the court was considering a sentence in the three to five year range, although appellant was told he could receive more. The court continued by explaining that new charges were later filed, and appellant then wanted to withdraw his original plea and fire his attorney. The court stated that it allowed appellant two continuances to obtain new counsel. When new counsel appeared at a hearing and requested a recess to further discuss matters with appellant, the court granted the recess. The court stated that at that point, appellant indicated that he wanted to plead to the changes in the second case as part of a plea bargain. The trial court, in compliance with its *Page 8 
Crim. R. 11 obligations, thoroughly explained the specific charges against defendant and the possible penalties, including the maximum prison sentences allowed. Appellant indicated that he was entering the pleas voluntarily and that he was satisfied with the advice of counsel.
 {¶ 22} At the resentencing hearing, in response to appellant's request to withdraw his plea, the court reiterated the above procedure of the case and stated, "Mr. Fernbach, I went through a lengthy discussion with you on two occasions, asking you if you understood what you were doing, if you were doing it voluntarily, if you understood the penalties that you were facing. And you told me yes, yes, yes, you were doing this voluntarily, you knew what you were doing." The court later continued, "[t]he reality is you entered your plea, you did it knowingly, you did it voluntarily, you did it with the advice of counsel, you told me you understood, you knew what you were doing. I can find nothing in this situation that would lead me to believe that I should set aside your plea."
 {¶ 23} We find nothing in the record that would support appellant's argument that he did not know what he was doing, or that he was pressured into pleading guilty. Instead, the record supports the conclusion that appellant's request to withdraw his guilty plea was based merely on a change of heart, rather than on a failure to make a knowing, intelligent and voluntary waiver of his constitutional rights, and a mere change of heart is an insufficient justification for withdrawing a guilty plea. State v. Metcalf, Butler App. No.CA2002-12-299, 2003-Ohio-6782. Appellant's second assignment of error is overruled.
 Increase in Sentence {¶ 24} In his third assignment of error, appellant argues that the trial court's decision to increase his sentence on remand amounts to vindictiveness in violation of Ohio law. As discussed above, in the second case, the court originally sentenced appellant to three years on both the intimidation of a witness charge and on the felony charge of violation of a *Page 9 
protection order. On resentencing, the court sentenced appellant to four years on each of these charges. The court resentenced appellant to the same sentences on the other charges, and again ran the sentences in the second case concurrent to each other and consecutive to the first case. Appellant argues that this increase in his sentence is presumptively vindictive and that the trial court did not justify the increased sentence.
 {¶ 25} In North Carolina v. Pearce (1969), 395 U.S. 711,89 S.Ct. 2072, the United States Supreme Court set aside the sentence of a defendant who had successfully appealed his conviction, but on remand was given a harsher sentence. The Court held that a defendant's due process rights were violated when a harsher sentence was imposed as a result of vindictiveness in a successful appeal. Id. at 726. Appellant argues that the Pearce presumption of vindictiveness applies in this case since he was given a greater sentence on remand.
 {¶ 26} However, in a later case, the Supreme Court further clarified its decision in Pearce by explaining that unless there was a "reasonable likelihood" that the increased sentence was the product of vindictiveness, the burden was on the defendant to show actual vindictiveness. Alabama v. Smith (1989), 490 U.S. 794, 109 S.Ct. 2201. The Court determined that because the defendant in Smith pled guilty, then on remand a trial was held, at the second sentencing, the presumption of vindictiveness did not apply because the information available to the judge on a plea is "considerably less than that available after a trial" since the information discussed in a plea is usually "far less than that brought out in a full trial on the merits." Id. at 801.
 {¶ 27} Furthermore, several Ohio courts, including this court, have questioned whether the Pearce presumption applies with equal force to cases remanded for resentencing pursuant to Foster or have held that the presumption is not applicable in Foster remands. *Page 10 State v. Andrews, Butler App. No. CA2006-06-142, 2007-Ohio-223;State v. Smith, Morrow App. No. 2007 CA 0003, 2008-Ohio-2772; State v.Johnson, 174 Ohio App.3d 130, 2007-Ohio-6512; State v. Shaffer, Portage App. No. 2006-P-0115, 2007-Ohio-6404; State v. Wagner, Union App. No. 14-06-30, 2006-Ohio-6855. These courts have questioned the application of the Pearce presumption as Foster remands are based on void sentences rather than sentences found to be in error, and because the trial judge was originally constrained by sentencing factors which the Ohio Supreme Court later found unconstitutional.
 {¶ 28} Courts have been reluctant to impose the requirement of additional findings on the trial court in a Foster remand, where it is apparent or can be readily presumed that the original sentence was the result of constraint imposed by a sentencing factor now deemed unconstitutional, or where the court has reevaluated the record or considered additional factors on resentencing. See Wagner at ¶ 11. Instead, courts have reviewed of the propriety of an increased sentence on a case-by-case basis. State v. Warden, Wood App. No. WD-06-041,2007-Ohio-1046, ¶ 15.
 {¶ 29} Turning to the facts of this case, we find no vindictiveness in the trial court's determination on resentencing. At the outset of the hearing, the state indicated that it was seeking an increased sentence based on four factors: appellant's lengthy record as shown in the presentence investigation, the facts of the case, the fact that appellant has never accepted responsibility and instead continues to argue the victim's fault in the incident, and a tape recording of one of the conversations appellant made from the jail to the victim. The state indicated that listening to the actual conversation would help the court in understanding appellant's attempts to manipulate the victim.
 {¶ 30} In this recording, the court was able to hear not only testimony regarding the *Page 11 
conversation that led to the second set of charges, but the actual conversation itself that was the basis of the charges. In the conversation, appellant tried to get the victim to write a letter on his behalf. The conversation regarding the victim's unwillingness to write a letter includes comments by appellant such as, "[d]o you think that I won't want to get out and fucking kill you then?" When the victim indicated that she "might be gone" by the time appellant got out of prison, he began to play on her sympathies, stating, "[Y]ou're tearing my mother-fucking heart out completely. You tore mine out several times, man. I can't believe I've given it back to you again." He then again tried to talk her into writing a letter on his behalf.
 {¶ 31} In this conversation appellant also told the victim that she is taking him away from his kids. Appellant also told his daughter that her mother is taking him away from her and making sure that he is not in her life and that he wants her to "think every day that when you're not able to see me and when you miss me and when you hurt because you can't see me, it's because your mom has taken you away from me and me away from you." He also told his daughter to "try and talk to your mom" and "tell her that she needs to write this letter for me."
 {¶ 32} We find no error in the trial court's determination to sentence appellant to four years on the violation of a protective order and intimidation of a witness charges. Initially, both terms are within the range of sentences provided by statute. In addition, instead of the brief statement of facts read at the initial sentencing hearing regarding the charges, during the restentencing hearing, the court had the opportunity to listen to a tape that was the basis of the charges and to hear the events firsthand. The court therefore, had more information regarding those two charges than it did at the time of the original sentencing. Accordingly, we find no merit to appellant's argument and his third assignment of error is overruled.
 Consecutive Sentences *Page 12 {¶ 33} In his final assignment of error, appellant argues that the trial court erred in imposing consecutive sentences on remand. He argues that based on the Ohio Supreme Court's decision in Foster, he was entitled to minimum, concurrent sentences. However, this court has previously considered and rejected this argument. State v. Sheets, Clermont App. No. CA2006-04-032, 2007-Ohio-1799. Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 34} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] Appellant's brief does not present assignments of error, but instead lists four distinct "arguments." We construe each of appellant's "arguments" as separate assignments of error.
[2] Although the parties discussed rescheduling the hearing in 30 days and the court agreed, the hearing was rescheduled for Oct. 27. Although appellant discusses this fact in his brief, there was no objection on the record or mention of this fact at the hearing. *Page 1