The STATE of Ohio, Appellee,

v.

JOHNSON, Appellant.

[Cite as *State v. Johnson,* 174 Ohio App.3d 130, 2007-Ohio-6512.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–070051.

Decided Dec. 7, 2007.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Judith Anton Lapp, Assistant Prosecuting Attorney, for appellee.

Christine Y. Jones, for appellant.

DINKELACKER, Judge.

{¶ 1} Defendant-appellant, Jermaine Johnson, was convicted of one count of aggravated robbery and two counts of robbery. All three counts carried firearm specifications. The trial court sentenced Johnson to nine years in prison for the aggravated robbery and to three years for each of the robbery convictions. The trial court imposed consecutive sentences for the three counts but merged the firearm specifications into one three-year term of incarceration. The court added one more consecutive year of incarceration for a postrelease-control violation in another case. The court imposed an aggregate sentence of 19 years in prison.

{¶ 2} The conviction was appealed to this court. On appeal, we rejected the argument that the aggravated-robbery count should have merged with the robbery counts.[1] But we agreed that the trial court should have merged the two robbery counts as allied offenses of similar import.[2] In addition, the remainder of the sentence was vacated by this court pursuant to *State v. Foster*.[3]

{¶ 3} On remand, Johnson asked for the same sentence, minus the three years for the merged robbery charge. The state argued, as it had at the original sentencing hearing, for maximum, consecutive sentences. The state noted that while the trial court could consider only one robbery, the one robbery involved two individuals who were threatened. The state contended that this was a factor

1. Id. at ¶ 29.

2. *State v. Johnson*, 1st Dist. No. C–050399, 2006-Ohio-6449, 2006 WL 3524427, ¶ 31–33.

3. Id. at ¶ 35, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

that the trial court could not have considered when it had originally sentenced Johnson, because each robbery involved a single individual.

{¶ 4} After hearing from counsel and giving Johnson the opportunity to speak, the trial court again sentenced Johnson to nine years in prison for the aggravated robbery. The trial court merged the second robbery count with the first and sentenced Johnson to six years in prison for that offense. The trial court again ordered Johnson to serve three years in prison for the gun specifications. He was again ordered to serve all of these sentences consecutively. When combined with the one-year sentence for the postrelease-control violation from the other case, Johnson's total sentence was again 19 years.

{¶ 5} In two assignments of error, Johnson now argues that the sentence was vindictive and excessive. In a third assignment of error, he again argues that the aggravated robbery and robbery convictions involved allied offenses. For the following reasons, we find no error below.

### Resentencing Pursuant to Foster that Does Not Result in an Aggregate Sentence Increase

{¶ 6} In his first assignment of error, Johnson argues that the increase of the sentence for robbery from three years to six years was vindictive and violated his right to due process as recognized by *North Carolina v. Pearce*.[4] We disagree.

{¶ 7} *Pearce* held that a presumption of vindictiveness arises when the same court imposes a harsher sentence following a successful appeal.[5] But trial courts are not precluded from imposing increased sentences on remand.[6] When doing so, however, they must demonstrate that the increase is not motivated by vindictiveness toward the defendant for exercising his rights.[7]

{¶ 8} At the resentencing hearing in this case, the trial court addressed the argument that Johnson's sentence was being increased and that the increase was improper. The trial court explained that "[a]t the time of the original sentencing—obviously this Court sat through the jury trial on that matter, heard a lot of the facts that were involved in this particular case—I gave the matter a great deal of thought at the time of sentencing.

---

4. (1969) 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

5. Id. at 724, 89 S.Ct. 2072, 23 L.Ed.2d 656.

6. Id. at 726, 89 S.Ct. 2072, 23 L.Ed.2d 656.

7. *State v. Troglin*, 3rd Dist. No. 14–06–57, 2007-Ohio-4368, 2007 WL 2410096, citing *Pearce*, 395 U.S. at 726, 89 S.Ct. 2072, 23 L.Ed.2d 656.

{¶ 9} "Obviously I was constrained by the felony sentencing guidelines that were in place at the time. I felt that the total sentence imposed was appropriate under the circumstances, and I still feel that to this day.

{¶ 10} "In both instances, I've given the matter a great deal of thought. I've not increased the sentence, as the prosecution had requested. Again, I felt that the 19 years total with the post-release control violation and based on the offenses that he's committed that this is the appropriate resolution for this case * * *."

{¶ 11} We note that not only had the robbery portion of the original sentence been reversed, but the remainder of the sentence had also been reversed pursuant to *Foster*. In *Foster*, the Ohio Supreme Court held that "[u]nder R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing * * *. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. * * *. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." [8]

{¶ 12} Some courts have read this language to mean that *Pearce* does not apply to a resentencing conducted pursuant to *Foster*. As the Third Appellate District has noted, "in view of the *Foster* and *State v. Mathis* [109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1] decisions, we are reluctant to endorse the imposition of additional required findings upon the trial courts of the district in re-sentencings under *Foster*—particularly where it is either apparent or can be readily presumed that the original sentence was the result of constraint imposed by a sentencing factor which the Supreme Court of Ohio subsequently determined to be void; or where the trial court appears to have re-evaluated the record or considered additional factors at the re-sentencing." [9]

{¶ 13} The Sixth Appellate District has adopted a similar view.[10] It concluded that "the *Pearce* 'presumption' does not apply with equal force with regard to resentencings conducted in accordance with *Foster*. Review of the propriety of an increased sentence must be done on a case-by-case basis." [11]

---

8. *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 105, citing *United States v. DiFrancesco* (1980), 449 U.S. 117, 134–136, 101 S.Ct. 426, 66 L.Ed.2d 328.

9. *State v. Wagner*, 3rd Dist. No. 14–06–30, 2006-Ohio-6855, 2006 WL 3771771, ¶ 11.

10. *State v. Warden*, 6th Dist. No. WD–06–041, 2007-Ohio-1046, 2007 WL 707520, ¶ 13–22.

11. Id. at ¶ 15.

{¶ 14} The state argues in this case that *Pearce* does not apply because the total sentence did not increase. In fact, some courts have held that "when one or more counts of a multi-count conviction are vacated and remanded, a court does not violate the principles of *Pearce* as long as the aggregate length of the new sentence does not exceed the total length of the original sentence." [12] But that line of cases is based on the "sentence packaging" doctrine that has subsequently been rejected by the Ohio Supreme Court. [13]

{¶ 15} While we cannot agree with the state's position in this case, we conclude that any presumption of vindictiveness has been rebutted. The trial court indicated that it had been "constrained by the felony sentencing guidelines that were in place at the time." [14] Additionally, the state sought an increase in the sentence, [15] basing its argument on factors that the trial court could not have considered at the time of the original sentencing hearing. [16] "Although the trial court did not specifically reference the state's arguments when it imposed the additional * * * imprisonment, we cannot say, after careful review of the facts of this case, that appellant has demonstrated that the sentence was vindictive in nature * * *." [17] These considerations, coupled with the inescapable fact that Johnson's total sentence did not increase, are sufficient to establish that the sentence was not motivated by vindictiveness toward Johnson for exercising his rights. For these reasons, we overrule Johnson's first assignment of error.

### *The Sentence Was Not an Abuse of Discretion*

{¶ 16} In his second assignment of error, Johnson argues that the trial court's sentence was excessive. Under *Foster*, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." [18]

---

**12.** See *State v. Nelloms* (2001), 144 Ohio App.3d 1, 7, 759 N.E.2d 416, appeal not allowed (2001), 93 Ohio St.3d 1428, 755 N.E.2d 352.

**13.** *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824; *State v. Evans,* 113 Ohio St.3d 100, 2007-Ohio-861, 863 N.E.2d 113.

**14.** See *Wagner* at ¶ 11.

**15.** See *Warden* at ¶ 22 ("Unlike the facts in *Wagner,* supra, the state vigorously argued for an increased sentence.").

**16.** See *Wagner* at ¶ 11 ("where the trial court appears to have re-evaluated the record or considered additional factors at the re-sentencing").

**17.** *Warden* at ¶ 22.

**18.** *Foster* at ¶ 100.

{¶ 17} In this case, Johnson received less than the maximum sentence for aggravated robbery and robbery. Other than noting that the total sentence exceeded the maximum sentence for the most serious offense, Johnson fails to point out how the sentence in this case was "erroneous and excessive." We find no abuse of discretion and overrule his second assignment of error.

### Res Judicata

{¶ 18} In his final assignment of error, Johnson argues that the aggravated-robbery and robbery convictions involved allied offenses of similar import. We rejected this argument in Johnson's first appeal.[19] Because this issue has already been determined, it is res judicata.[20]

{¶ 19} Having overruled Johnson's three assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

PAINTER, P.J., and SUNDERMANN, J., concur.

**19.** *State v. Johnson*, 1st Dist. No, C–050399, 2006-Ohio-6449, 2006 WL 3524427, ¶ 29.

**20.** *Sapinsley v. Sapinsley*, 171 Ohio App.3d 74, 2007-Ohio-1320, 869 N.E.2d 702, ¶ 18, citing *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.