JOURNAL ENTRY AND OPINION
{¶ 1} Michael Bell ("Bell") appeals his sentence received in the Cuyahoga County Court of Common Pleas arguing that his sentence violates his constitutional rights. For the following reasons, we affirm Bell's sentence.
 {¶ 2} The facts giving rise to the instant case occurred on August 20, 2004, in which Bell drove to 7327 Otis Court in Cleveland, Ohio, the home of his former girlfriend, Laquetta Marie Lucas ("Lucas"). Bell stopped his vehicle and shouted at Lucas as she and her cousins, Crystal Ladson and Keisha Ladson, exited their vehicle. Bell then fired multiple gunshots in their direction from his vehicle.
 {¶ 3} About two hours later, Bell approached his current girlfriend, LaNear Hughes ("Hughes") and her friend Markish Bester ("Bester") while all parties were stopped at a red light at East 105th
Street and Quincy. Bell fired multiple gunshots into Hughes' vehicle. *Page 3 
 {¶ 4} On September 22, 2004, a Cuyahoga County Grand Jury indicted Bell in case number CR-04-456708 for crimes committed against Hughes and Bester as follows: two counts of felonious assault, one count of domestic violence, one count of aggravated menacing, and two counts of attempted murder. One-and three-year firearm specifications attached to each count except aggravated menacing.
 {¶ 5} On November 19, 2004, a Cuyahoga County Grand Jury indicted Bell in case number CR-04-459047 for crimes committed against Lucas, Crystal Ladson, and Keisha Ladson as follows: three counts of felonious assault and three counts of attempted murder. One-and three-year firearm specifications attached to each count in this case as well.
 {¶ 6} On January 4, 2005, a Cuyahoga County Grand Jury also indicted Bell in case number CR-05-460833 for forgery, uttering, and theft. Bell pleaded guilty to all three charges.
 {¶ 7} On December 9, 2005, the trial court consolidated case number CR-04-456708 and case number CR-04-459047 and proceeded to jury trial on the matter. On December 14, 2005, the trial court dismissed the one-and three-year firearm specifications attached to Bell's domestic violence charge.
 {¶ 8} Thereafter, the jury returned the following verdict: guilty of the first two counts for felonious assault; guilty of the first two counts of attempted murder; guilty of domestic violence; guilty of all attached firearm specifications; not guilty of *Page 4 
aggravated menacing; not guilty of the remaining three counts of felonious assault; and lastly, not guilty of the remaining three counts of attempted murder.
 {¶ 9} On the same day, the trial court sentenced Bell in consolidated case number CR-04-456708 to eleven years of imprisonment as follows: first, the trial court merged all firearm specifications and ordered Bell to serve three years of imprisonment, to be served prior and consecutive to the remaining sentence; seven years of imprisonment for each count of felonious assault; eight years of imprisonment for each count of attempted murder; and lastly, six months of imprisonment for domestic violence, each count to be served concurrently.
 {¶ 10} Thereafter, the trial court sentenced Bell to eleven months of imprisonment each for forgery, uttering, and theft, and ordered that his eleven month sentences be served concurrent with each other and concurrent with his sentence in case number CR-04-456708.
 {¶ 11} On February 17, 2006, Bell appealed his conviction and sentence. We affirmed his conviction but vacated and remanded the matter for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. See State v. Bell, Cuyahoga App. No. 87769,2006-Ohio-6592.
 {¶ 12} On remand, the trial court resentenced Bell to eleven years of imprisonment as follows: first, the trial court merged the firearm specification convictions for sentencing purposes and ordered Bell to serve three years of imprisonment, to be served prior and consecutively to the remainder of his sentence; *Page 5 
next, the trial court sentenced Bell to seven years of imprisonment for each count of felonious assault and eight years of imprisonment for each count of attempted murder, all counts to run concurrent to each other. The trial court merged felonious assault and attempted murder.
 {¶ 13} Bell appealed and asserted three assignments of error for our review.
 {¶ 14} ASSIGNMENT OF ERROR NUMBER ONE
 "Defendant was unconstitutionally sentenced to multiple punishments when the court failed to merge the attempted murder and felonious assault convictions."
 {¶ 15} Bell argues that his sentence is unconstitutional because the trial court failed to merge his convictions for felonious assault with his convictions for attempted murder.
 {¶ 16} A review of Bell's sentence reveals that the trial court merged felonious assault and attempted murder, as the journal entry reads: "All counts to run concurrent with each other for a total of 11 years; (Counts 1, 2, 5 and 6 merge)." Additionally, the transcript reads: "Counts 5 and 6 also merge as a matter of law with counts 1 and 2." (Tr. 8.)
 {¶ 17} Bell's first assignment of error is moot.
 {¶ 18} ASSIGNMENT OF ERROR NUMBER TWO
 "Defendant was denied due process of law when he was not sentenced to the shortest term of imprisonment." *Page 6 
 {¶ 19} Bell argues that his constitutional rights were violated when the trial court sentenced him to more than the minimum sentence. We disagree.
 {¶ 20} Appellate courts review sentences de novo. State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836. "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."State v. Samuels, Cuyahoga App. No. 88610, 2007-Ohio-3904. (Internal citations omitted.)
 {¶ 21} The Ohio Supreme Court rejected the notion of presumptive minimum sentencing when it held the following:
 "[T]he General Assembly provided a sentencing scheme of `guided discretion,' for judges, intending that the required findings guide trial courts to select sentences within a range rather than to mandate specific sentences within that range. When mandatory sentences are intended, they are expressed. We, therefore, reject the criminal defendants' proposed remedy of presumptive minimum sentences, for we do not believe that the General Assembly would have limited so greatly the sentencing court's ability to impose an appropriate penalty." State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. *Page 7 
 {¶ 22} Furthermore, we have held that Foster does not violate federal or state ex post facto clauses or due process clauses. Specifically, we held:
 "In the instant case, Mallette [the criminal defendant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding in Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715. (Emphasis in original.)
 {¶ 23} Bell argues that he should be sentenced to the minimum, concurrent term. However, he does not argue any of the exceptions set forth in Mallette. Thus, Bell's constitutional arguments lack merit, and his second assignment of error is overruled.
 {¶ 24} ASSIGNMENT OF ERROR NUMBER THREE
 "Defendant was denied due process of law and the court abused its discretion in sentencing defendant without any consideration of the statutory criteria."
 {¶ 25} Bell argues that his constitutional rights were violated when the trial court failed to consider statutory criteria. We disagree.
 {¶ 26} "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give reasons for *Page 8 
imposing maximum, consecutive, or more than the minimum sentences."Foster, supra.
 {¶ 27} Therefore, Bell's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANN DYKE, J., and FRANK D. CELEBREZZE, J., CONCUR. *Page 1