The **STATE** of Ohio, Appellee,

v.

**LOVE**, Appellant.

[Cite as *State v. Love*, 194 Ohio App.3d 16, 2011-Ohio-2224.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–100563.

Decided May 11, 2011.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Timothy J. McKenna, for appellant.

CUNNINGHAM, Judge.

{¶ 1} Defendant-appellant, Darryl Love, appeals from the 43–year sentence of imprisonment imposed by the trial court at an August 2010 resentencing. Love and a co-defendant had shot, robbed, and tried to stuff Antoinne Morrison into the trunk of their car. Love now asserts that at the resentencing, the trial court erred in failing to merge his convictions for aggravated robbery and kidnapping and in imposing maximum, consecutive sentences of imprisonment. Because the trial court was bound by the law of the case holding that Love had committed these two offenses with a separate animus, and because it did not err in imposing a maximum, consecutive sentence for attempted murder, we affirm.

{¶ 2} Following a 2007 jury trial, Love had appealed his conviction and sentencing for attempted murder with a firearm specification, felonious assault, aggravated robbery, aggravated burglary, and kidnapping. In 2009, this court affirmed the trial court's judgment.[1] The Ohio Supreme Court reversed this court's decision in part. In light of its decision in *State v. Williams*,[2] the Supreme Court reversed our determination that the felonious assault and the attempted murder were not allied offenses of similar import.[3] The case was remanded to the trial court for resentencing.

---

1. *State v. Love*, 1st Dist. Nos. C–070782 and C–080078, 2009-Ohio-1079, 2009 WL 636539.

2. 124 Ohio St.3d 381, 2010-Ohio-147, 922 N.E.2d 937.

3. *State v. Love*, 124 Ohio St.3d 560, 2010-Ohio-1421, 925 N.E.2d 137, ¶ 1.

{¶ 3} At the resentencing hearing, following the state's election to proceed on the more serious offense,[4] the trial court imposed a maximum ten-year sentence for attempted murder and made it consecutive to the accompanying three-year firearm specification and to the other sentences imposed in this case. The aggregate prison term imposed was 43 years in length. This appeal followed.

{¶ 4} In his first assignment of error, Love contends that the trial court erred in imposing a sentence for both the aggravated-robbery and the kidnapping offenses. He asserts, as he did in his first appeal, that these offenses are allied offenses of similar import under R.C. 2941.25. In 2009, we rejected Love's challenge upon our conclusion that Love had committed the two offenses with a separate animus and thus had been "properly convicted of both offenses."[5]

{¶ 5} Under the doctrine of the law of the case, a "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."[6] Thus, a trial court confronted with the same facts and issues involved in a prior appeal is bound by the appellate court's prior determination of those issues.[7]

{¶ 6} We note that the law-of-the-case doctrine does not apply where there has been an intervening decision by the Supreme Court that is inconsistent with the law of the case.[8] But here, the Ohio Supreme Court has taken no action affecting our determination that these two offenses were committed with a separate animus. Its 2010 mandate to this court reversed only that part of our decision approving the imposition of multiple punishments for felonious assault and attempted murder.[9]

---

4. See *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph one of the syllabus ("[t]he state retains the right to elect which allied offense to pursue on sentencing on a remand to the trial court after appeal").

5. *State v. Love,* 2009-Ohio-1079, 2009 WL 636539, ¶ 26; see also R.C. 2941.25(B).

6. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410

7. See *State v. Akemon,* 173 Ohio App.3d 709, 2007-Ohio-6217, 880 N.E.2d 143, ¶ 10.

8. See *Hopkins v. Dyer,* 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329; see also *Nolan v. Nolan,* syllabus; see, e.g., *State v. Smith,* 1st Dist. No. C–070216, 2008-Ohio-2469, 2008 WL 2154770, ¶ 42.

9. *State v. Love,* 124 Ohio St.3d 560, 2010-Ohio-1421, 925 N.E.2d 137, ¶ 1; see also *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 27 ("only the offending portion of [a] sentence is subject to review and correction" on remand).

{¶ 7} The law of our decision in Love's first appeal was that the trial court had properly imposed multiple sentences upon Love for aggravated robbery and kidnapping as alleged in counts two and six of the indictment. The trial court was bound by that legal determination at the resentencing. Thus, Love was not prejudiced by the trial court's failure to merge the punishment for these two offenses in its 2010 sentence. The assignment of error is overruled.

{¶ 8} In his second assignment of error, Love argues that his 43–year prison term constitutes a cruel and unusual punishment proscribed by the Eighth Amendment to the United States Constitution. Generally, a sentence such as this one that falls within the range provided by statute cannot amount to cruel and unusual punishment.[10] Here, the trial court had presided over the trial at which evidence showed that Love had called his victim on the telephone and had told him to come out of his apartment. When the victim did, Love shot him in the abdomen and went into his apartment. After ransacking the victim's apartment and threatening the woman found within it, Love and his co-defendant, who had shot the victim several more times, tried to stuff the victim into the trunk of their car. The trial court also had reviewed the presentence investigation, which revealed Love's extensive and violent criminal and juvenile history. In light of these facts, Love's aggregate sentence is not so disproportionate that it " 'shock[s] the sense of justice of the community.' "[11] The assignment of error is overruled.

{¶ 9} In his two final assignments of error, Love argues that the trial court erred in imposing consecutive sentences without making the findings required by R.C. 2929.14(E), in failing to impose the minimum prison term available, and in imposing consecutive, maximum sentences of imprisonment without considering the purposes and principles of felony sentencing.[12] In light of our resolution of Love's first assignment of error, only his claim that the trial court erred in imposing a maximum sentence for attempted murder and making it consecutive to the sentences for every other offense is properly before this court for review.

{¶ 10} First, Love, repeating a consistently rejected argument, urges this court to disregard the Ohio Supreme Court's ruling in *State v. Foster*, which held that "[t]rial courts have full discretion to impose a prison sentence within the statutory

---

10. See *McDougle v. Maxwell* (1964), 1 Ohio St.2d 68, 69, 30 O.O.2d 38, 203 N.E.2d 334.

11. *State v. Weitbrecht* (1999), 86 Ohio St.3d 368, 371, 715 N.E.2d 167, quoting *McDougle v. Maxwell*, 1 Ohio St.2d at 70, 30 O.O.2d 38, 203 N.E.2d 334; see also *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 14.

12. See R.C. 2929.11 and 2929.12.

range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." [13]

{¶ 11} Love claims that the pre-*Foster* sentencing requirements were effectively reinstated by *Oregon v. Ice,* a subsequent United States Supreme Court decision.[14] The Ohio Supreme Court has rejected Love's argument. In *State v. Hodge,* the court held that that *Ice* "[did] not revive Ohio's former consecutive sentencing statutory provisions." [15] As we have consistently held, a trial court is not obligated to engage in judicial fact-finding prior to imposing consecutive sentences.[16]

{¶ 12} Love's next contention, also consistently advanced and rejected, in which he argues that he was entitled to the minimum prison term available "under *State v. Foster,*" also fails. Since the 2006 decision in *Foster,* this court has repeatedly held that under Ohio's sentencing laws, a trial court has discretion to impose any sentence within the statutory range for the crime committed, including the discretion to impose more than the minimum sentence.[17] We now unambiguously reject this argument and emphasize, as we did in 2007, "We 'cannot overrule or modify *Foster.*'" [18] Repeated, feckless arguments urging this court to do just that border on the frivolous.

{¶ 13} Finally, we conduct a two-part review of the sentence imposed in 2010.[19] First we must determine whether the sentence imposed was contrary to law.[20] Then, if the sentence was not contrary to law, we must determine whether the trial court abused its discretion in imposing it.[21]

---

13. 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus.

14. (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517.

15. 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph two of the syllabus.

16. See id., paragraph three of the syllabus; see also *State v. Brown,* 1st Dist. Nos. C–100309 and C–100310, 2011-Ohio-1029, 2011 WL 808986, ¶ 14; see, e.g., *State v. McCoy,* 1st Dist. No. C–090599, 2010-Ohio-5810, 2010 WL 4884442, ¶ 63.

17. See *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus; see also *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus; see, e.g., *State v. Bruce,* 170 Ohio App.3d 92, 2007-Ohio-175, 866 N.E.2d 44, ¶ 4 and 6–7; and *State v. Johnson,* 174 Ohio App.3d 130, 2007-Ohio-6512, 881 N.E.2d 289, ¶ 16.

18. *State v. Bruce,* 170 Ohio App.3d 92, 2007-Ohio-175, 866 N.E.2d 44, at ¶ 6, quoting *State v. Newman,* 9th Dist. No. 23038, 2006-Ohio-4082, 2006 WL 2270945, ¶ 11.

19. See *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

20. See id. at ¶ 14.

21. See id. at ¶ 17.

{¶ 14} Here, the sentence imposed was not contrary to law.  The maximum term of imprisonment imposed for attempted murder was within the range provided by statute.[22]  And although the trial court did not specifically state that it had considered R.C. 2929.11 and 2929.12, we may presume that it did.[23]  Having presided over Love's trial, the trial court was well acquainted with the facts surrounding the crimes.  On the state of this record, we cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in imposing the sentence.[24]  The third and fourth assignments of error are overruled.

{¶ 15} Therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

SUNDERMANN, P.J., and HENDON, J., concur.

22.   See R.C. 2929.14(A)(1);  see also State v. Kalish at ¶ 11–12.

23.   See State v. Kalish at ¶ 18, fn. 4.

24.   See State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.