[Cite as *State v. Sutton*, 2012-Ohio-1054.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97132**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL SUTTON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-481840

**BEFORE:** Jones, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 15, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Kristen L. Sobieski
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant, Michael Sutton, appeals his sentence for attempted murder, failure to comply, and inducing panic.   For the reasons that follow, we affirm.

**{¶2}** In 2006, Sutton was charged with four counts of attempted murder, six counts of felonious assault, two counts of attempted felonious assault, two counts of inducing panic, one count of failure to comply, and one count of resisting arrest; some of the counts were accompanied by firearm specifications.   After a jury trial, he was convicted of all counts except for resisting arrest.   He was also acquitted of all firearm specifications.   Sutton was sentenced to the maximum, consecutive sentence, which totaled 41½ years in prison.

**{¶3}** On appeal, this court found that felonious assault and attempted murder were allied offenses of similar import and merged those convictions as to each victim; reversed Sutton's conviction for two felony counts of inducing panic and remanded the case to the trial court to enter a judgment convicting him of two misdemeanor counts of inducing panic; and found that his sentence of 41 ½ years in prison was disproportionate to the severity of his offenses.   We affirmed his convictions in all other respects.   *State v. Sutton*, 8th Dist. No. 90172, 2008-Ohio-3677, ("*Sutton I*" ).[1]

---

[1] A complete recitation of the facts are set forth in *Sutton I.*

{¶4} Sutton appealed *Sutton I* to the Ohio Supreme Court and the state cross appealed on the issue of allied offenses. The Ohio Supreme Court dismissed Sutton's appeal but remanded the case to this court on the state's cross appeal for further consideration of the allied offenses issue in view of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. On remand, this court again held that the trial court erred in failing to merge the felonious assault and attempted murder convictions as to each of the four victims and remanded the case to the trial court. *State v. Sutton*, 8th Dist. No. 90172, 2011-Ohio-2249 ("*Sutton II*").

{¶5} Prior to Sutton's resentencing, the state submitted a sentencing memorandum and elected to proceed to sentencing on the attempted murder counts. At the July 6, 2011 resentencing hearing, the trial court sentenced Sutton as follows: ten years for the attempted murder of Kenneth Tolbert, ten years for the attempted murder of Christopher Lovelady, eight years for the attempted murder of Kevin Tolbert, eight years for the attempted murder of Leonard Brown, five years for failure to comply, and six concurrent months for two counts of inducing panic. The court further ordered the attempted murder and failure to comply counts run consecutive to each other but concurrent to the two counts of inducing panic, for a total of 41½ years in prison.[2]

---

[2] Kenny Phillips, who the state alleged was the shooter, was sentenced to 92 years in prison. We recently affirmed Phillips' convictions but remanded the case for resentencing based on allied offenses. *State v. Phillips*, 8th Dist. No. 96329, 2012-Ohio-473. This court further determined that it was premature to discuss the issue of whether Phillips's sentence was excessive because he was to

**{¶6}** It is from this sentence that Sutton now appeals, raising six assignments of error for our review:

I.   Defendant was denied his rights under the Sixth Amendment when the court imposed consecutive sentences based on judicial factfinding.

II.   Defendant was denied due process of law when the court imposed consecutive sentences without an adequate or constitutional explanation of its reasons.

III.   Defendant was denied due process of law when the court failed to impose a proportionate sentence similar to that imposed by similar offenders by the same court.

IV.   Defendant was denied due process of law when the court failed to consider the present circumstances of defendant at the time of resentencing.

V.   Defendant was denied due process of law when the court imposed a maximum sentence for failure to comply without considering the proper statutory criteria.

VI.   Defendant was denied due process of law when the court would not waive court costs.

**{¶7}** Because the first through fourth assignments of error are interrelated, we will consider them together.

*Sutton I*

**{¶8}** As an initial matter, in *Sutton I* this court found that the trial court abused its discretion in sentencing Sutton to 41½ years in prison.   Sutton's resentencing was de novo.   We now consider his resentencing apart from his original sentence; contrary to

---

be resentenced on multiple counts.   *Id.* at ¶ 62.   The other two codefendants were found not guilty.   *State v. Deante Creel*, Cuyahoga C.P. No. CR–06-481840-A and *State v. Akeem Tidmore*, Cuyahoga C.P. No. CR–06-481840-B.

Sutton's assertions, we are not bound by our findings in *Sutton I*. Thus, we consider only that sentence the trial court imposed upon resentencing.

Consecutive Sentences

{¶9} Sutton claims that the trial court erred in sentencing him to 41½ years in prison by imposing consecutive sentences and by sentencing him to a prison term that is disproportionate to that of other similarly situated offenders.

{¶10} We begin our analysis with the premise that the trial court has wide discretion to sentence an offender within the allowable statutory range permitted for a particular degree of offense. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100. R.C. 2929.11(B) provides that a felony sentence must be reasonably calculated to achieve the two purposes set forth in R.C. 2929.11(A): commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed on similarly-situated offenders. The court must also consider the seriousness and recidivism factors under R.C. 2929.12.

{¶11} But R.C. 2929.11 and 2929.12 do not mandate judicial fact-finding. Rather, "[t]he court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. Thus, "in exercising its discretion, a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Lloyd*, 11th Dist. No. 2006-L-185, 2007-Ohio-3013, ¶ 44.

{¶12} Subsequent to *Foster*, the Supreme Court of Ohio established a two-step analysis for an appellate court reviewing a felony sentence. In *State v. Kalish*, 120 Ohio

St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Court explained that

> "[f]irst, [the reviewing court] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Id.* at ¶ 4.

**{¶13}** As to consecutive sentences, the *Foster* Court declared the requirements imposed by R.C. 2929.14(C)(4) unconstitutional and held that "judicial fact-finding is not required before imposition of consecutive prison terms." *Id.* at ¶ 99. Thereafter, in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Court reiterated that R.C. 2929.14(C)(4) remained unconstitutional and imposed no fact-finding obligation on Ohio's trial courts. *Id.* at ¶ 39.

**{¶14}** The General Assembly, however, recently amended R.C. 2929.14(C)(4) and enacted new language requiring fact-finding for consecutive sentences. Am.Sub.H.B. No. 86. But this legislation became effective September 30, 2011; therefore, it was not applicable to Sutton, who was sentenced in July 2011.

Consistency and Proportionality of Sentence

**{¶15}** Sutton claims that the trial court denied him due process of law when it failed to impose a sentence that was proportionate to that imposed on similarly situated offenders; therefore, his sentence was an abuse of discretion (the second prong of *Kalish*).

**{¶16}** As mentioned above, pursuant to R.C. 2929.11(B), a felony sentence shall be "consistent with the sentences imposed for similar crimes committed by similar

offenders." *State v. Hayes*, 10th Dist. No. 08AP-233, 2009-Ohio-1100, ¶ 8.

> "Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. * * * Although offenses may be similar, distinguishing factors may justify dissimilar sentences." *Id.*, citing *State v. Battle*, 10th Dist. No. 06AP-863, 2007-Ohio-1845, ¶ 24.

{¶17} Consequently, a consistent sentence is not achieved from a case-by-case comparison, but by the trial court's proper application of the statutory sentencing guidelines. *State v. Hall*, 179 Ohio App.3d 727, 2008-Ohio-6228, 903 N.E.2d 676, ¶ 10. A sentencing court is not required to make a comparison of the current case to previous cases, but is required to appropriately apply the statutory sentencing guidelines in order to maintain consistency. *State v. Saur*, 10th Dist. No. 10AP-1195, 2011-Ohio-6662, ¶ 37, citing *State v. Holloman*, 10th Dist. No. 07AP-875, 2008-Ohio-2650. An offender cannot simply present other cases in which an individual convicted of the same offense received a lesser sentence to demonstrate that his sentence is disproportionate. *Hayes* at ¶ 10, citing *Battle* at ¶ 23.

{¶18} A defendant claiming inconsistent sentencing must show the trial court failed to properly consider the statutory sentencing factors and guidelines in R.C. 2929.11 and 2929.12. *Hayes* at *id.* "In order to demonstrate inconsistency, the appellant must point to facts and circumstances within the record which demonstrate the sentencing court's failure to properly consider the relevant factors." *State v. Franklin*, 182 Ohio App.3d 410, 2009-Ohio-2664, 912 N.E.2d 1197, ¶ 10, citing *State v. Todd*, 10th Dist. No.

06AP-1208, 2007-Ohio-4307, ¶ 15. Therefore, in applying the contrary to law standard, we must determine whether the trial court properly considered and applied the appropriate statutory guidelines and whether the sentence is otherwise contrary to law. *Franklin* at *id.*

{¶19} In discussing proportionality, the Ohio Supreme Court has stated that "[c]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person," and that "the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 14, citing *State v. Weitbrecht*, 86 Ohio St.3d 368, 371, 1999-Ohio-113, 715 N.E.2d 167. In *Weitbrecht*, the Ohio Supreme Court adopted a three-part test to determine whether the penalty imposed on an offender is disproportionate to the crime committed: (1) the court looks to the "gravity of the offense and harshness of the penalty;" (2) the court may compare the sentences imposed on other defendants in the same jurisdiction; and (3) the court may compare the sentences imposed for the same crime in other jurisdictions. *Id.* at 371, citing *Solem v. Helm*, 463 U.S. 277, 290-291, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). A reviewing court need not reach the second and third parts of the test "except in the rare case when a threshold comparison of the crime committed and the sentence imposed lead to an inference that the two are grossly disproportionate." *Weitbrecht* at *id.*, citing *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).

{¶20} In *Hairston*, the Ohio Supreme Court held, "where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *Id.* at syllabus.

{¶21} Although not required, here the trial court engaged in a proportionality analysis and compared cases both within and outside of the Eighth District. The trial court cited the following cases in its analysis: *State v. Lockhart*, 8th Dist. No. 95093, 2011-Ohio-936; *State v. Al-Mosawi*, 2d Dist. No. 22890, 2010-Ohio-111; and *State v. Love*, 194 Ohio App.3d 16, 2011-Ohio-2224, 954 N.E.2d 202 (1st Dist.).

{¶22} In *Lockhart*, this court affirmed a 25-year sentence for attempted murder, in which the sentences on each attempted murder were ordered to run consecutively. In *Al-Mosawi*, the Second Appellate District affirmed a concurrent maximum sentence for the attempted murder of Al-Mosawi's former girlfriend. Although the victim had asked for consecutive sentences in *Al-Mosawi*, the trial court indicated that the law would not allow for consecutive sentences on the two attempted murder convictions, presumably because there was one victim. *Id.* at ¶ 17. Finally, in *Love*, the First Appellate District upheld a 43-year conviction in which the defendant was given a maximum, consecutive sentence for the attempted murder of a man whom he had shot.

{¶23} At the sentencing hearing in this case, the trial court noted that the cases to which it cited involved convictions for attempted murder and maximum and/or consecutive sentences. But *Al-Mosawi*, *Lockhart*, and *Love* differed, according to the

trial court, in that those defendants "acted out of anger and impulsively." Here, the court reasoned, the situation was different. In sentencing Sutton, the trial court stated: "This is a case in which, but for the actions of Mr. Sutton, his vehicle would never catch up to the victims' vehicle; that his driving purposefully, through bumper to bumper standstill traffic on that holiday weekend * * * doing a U-turn in front of [the police] and weav[ing] in and out of traffic to catch up to th[e] victims' car * * * is more akin to a predator chasing down its prey."

{¶24} The trial court noted that this is "one of the most serious cases, if not the most serious case of attempted murder that I have seen, and likewise, that is also the distinguishing characteristic from that *Bell*[3] case in which it was a crime of passion [where] no one was injured." The court considered Kenneth Tolbert's and Christopher Lovelady's serious, permanent injuries and the emotional trauma to Leonard Brown and Kevin Tolbert.

{¶25} The trial court sentenced Sutton to 41½ years in prison, which was within the statutory range permissible for his convictions. The court also explicitly stated it was considering the principles and purposes of sentencing, recidivism and seriousness factors, and "all other statutory factors." Finally, the trial court stated that it was incorporating all the facts it heard at trial into its sentencing decision.

{¶26} To support his position that his sentence is disproportionate to similarly situated offenders, Sutton cited to this court's decision in *State v. Bell*, *supra*. In *Bell*,

---

[3] *State v. Bell*, 8th Dist. No. 89514, 2008-Ohio-453.

the defendant was sentenced to eight years in prison after stalking his girlfriend and shooting at her and her friend. But *Bell* is easily distinguishable from this case because, in *Bell*, neither victim was injured in the shooting.

{¶27} In its sentencing memorandum, the state cited to this district's decision in *State v. Moore*, 8th Dist. No. 88160, 2007-Ohio-1303. In *Moore*, this court affirmed a 41½-year maximum, consecutive sentence on a defendant who pled guilty to attempted murder, aggravated robbery, aggravated burglary, and kidnapping and two counts of theft.

{¶28} While each of the cases cited herein differ in some respects from the facts of this case, we do not find that the differences make this case so distinguishable as to render Sutton's sentence disproportionate to similarly-situated offenders. Here, the trial court gave Sutton the maximum for those counts of attempted murder in which the victims were seriously and permanently injured. The trial court did not impose the maximum sentence, but rather imposed a sentence of eight years, for the two victims who were not harmed. Although it is true that Sutton was only 18 years old at the time of the offense, he did have a juvenile record and showed no remorse for his participation in the crimes, instead he denied involvement and accused the police of lying.

{¶29} The sentence fashioned by the court was within the statutory range and the record contains evidence going to the seriousness and recidivism factors pursuant to R.C. 2929.12. Reviewing the record as a whole, we conclude that the trial court considered and applied the necessary statutory provisions and applied them to the particular circumstances of this case. We defer to the trial court's determination that the

sentence is proportionate to the severity of Sutton's offenses and decline to usurp its role in fashioning an appropriate sentence based on our review of a cold record.

{¶30} Accordingly, based on the record before us, the sentence was not contrary to law nor was it an abuse of discretion.

{¶31} We also find no merit to Sutton's argument that the trial court did not consider his "present circumstances." Sutton claims the trial court failed to consider his post-sentencing rehabilitation, but does not support his allegation. A review of the record indicates that both Sutton and his attorney spoke about his present circumstances and Sutton fails to point to any evidence that the trial court did not take their statements into consideration.

{¶32} The first through fourth assignments of error are overruled.

Maximum Sentence

{¶33} In his fifth assignment of error, Sutton argues that the trial court erred in imposing the maximum sentence for his failure to comply conviction.

{¶34} In *Sutton I*, this court reversed Sutton's sentence finding error with the trial court's imposition of consecutive sentences. At the resentencing hearing, the trial court was under the impression that Sutton's sentence on the failure to comply count was not remanded by this court. Although it is not entirely clear if the failure to comply count was remanded for resentencing (by law the failure to comply count had to run consecutive to the other counts, R.C. 2921.331(D)), any error the trial court made in resentencing Sutton amounts to harmless error because the trial court did, in fact, resentence Sutton to

five years in prison for failure to comply. The trial court stated that it expressly considered the principles and purposes of sentencing and imposed a sentence that was within the statutory guidelines. Moreover, the journal entry indicates that the trial court sentenced Sutton to five years for the failure to comply count to run consecutive to the other counts.

{¶35} Therefore, the fifth assignment of error is overruled.

## Court Costs

{¶36} In the sixth assignment of error, Sutton argues that the trial court erred in imposing court costs because he was indigent at the time of sentencing. We disagree. R.C. 2947.23(A)(1) provides that "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." In *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, the Ohio Supreme Court noted that "R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather it requires a court to assess costs against all convicted defendants." Therefore, the trial court did not err in assessing court costs against Sutton.

{¶37} The sixth assignment of error is overruled.

{¶38} Accordingly, judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common

pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR