[Cite as *State v. Ballard*, 2016-Ohio-364.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-140755 |
| | | C-140690 |
| Plaintiff-Appellee, | : | TRIAL NO. B-1305043 |
| vs. | : | *O P I N I O N.* |
| ELMER BALLARD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 3, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Presiding Judge.**

{¶1}     This is an appeal from a conviction for drunk driving.  Elmer Ballard has a long history of driving drunk and was convicted and sentenced under a provision of Ohio law that provides for an enhanced punishment when a "repeat offender" specification is included in the indictment.   He argues that the statute providing for the repeat-offender specification is facially unconstitutional because the prosecutor has discretion as to whether to seek the specification.  He points out that one Ohio court has indeed found the repeat-offender specification to be unconstitutional.  We don't buy the argument.  Prosecutorial discretion is an inherent part of our criminal justice system, and we see nothing on the face of the statute at issue that rises to the level of a constitutional violation.  Mr. Ballard also claims other errors in the proceedings below, but we find no grounds to reverse his conviction and sentence.   We therefore affirm the judgment of the trial court.

## I.  Background

{¶2}     Mr. Ballard crashed his pickup truck into an apartment building. Responding police officers observed Ballard, who appeared to be under the influence of alcohol, attempting to back the truck away from the building.  A breath test revealed that he had a breath-alcohol level of .183 grams per 210 liters of breath.  Because Ballard had had five prior OVIs within the past 20 years, he was charged with two fourth-degree-felony OVIs with accompanying repeat-offender specifications.  *See* R.C. 2941.1413.

{¶3}     Mr. Ballard filed a motion to dismiss the repeat-offender specifications on the ground that R.C. 2941.1413 was unconstitutional.  After the trial court denied his motion, Mr. Ballard pled no contest to the two counts of OVI and accompanying specifications.  The court found him guilty, merged the counts and specifications, and

imposed a sentence of two years for the OVI and a mandatory one-year sentence for the specification. The court also ordered that Ballard's license be suspended for ten years beginning on the day of sentencing. Mr. Ballard now appeals.[1]

## II. The Repeat-Offender Specification is Constitutional

{¶4} The Ohio legislature has enacted a statutory scheme geared toward habitual drunk drivers with five or more previous convictions within the past 20 years. Such drivers are subject to a mandatory sentence of one to five years in addition to the sentence that is imposed on the underlying charge. *See* R.C. 4511.19(G)(1)(d). To invoke the scheme, the indictment must contain a "specification" that an individual has been convicted of five or more OVI offenses within the past 20 years. *See* R.C. 2941.1413.

{¶5} In this case, Mr. Ballard pled no contest to a violation of R.C. 4511.19(A)(1)(h) with five prior OVI convictions in the last 20 years and to a repeat-offender specification. He was sentenced under R.C. 4511.19(G)(1)(d)(ii), which provides in relevant part that

> an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:
>
> * * *
>
> a mandatory prison term of one, two, three, four, or five years * * * if the offender also is convicted of [the repeat-offender specification.] * * * If the court imposes a mandatory prison term, * * * it also may sentence the

---

[1] Two notices of appeal of Ballard's conviction were filed on his behalf. Those appeals have been consolidated for this opinion.

3

offender to a definite prison term that shall be not less than six months

and not more than thirty months * * * .

Thus an offender like Ballard, who had five previous OVIs in the past 20 years and who is convicted of the specification and the underlying OVI, will receive the mandatory one to five years on the specification and may also receive six to 30 months on the underlying charge.

{¶6} In his first assignment of error, Mr. Ballard argues that R.C. 2941.1413 violates the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions. He contends that the statute is unconstitutional because the potential length of a sentence depends on whether the prosecutor chooses to seek a repeat-offender specification in the indictment.

{¶7} The gist of the equal-protection argument is that the statute is unconstitutionally unfair because two defendants, each with five or more prior OVIs, could be subject to a different potential range of sentences depending on whether the repeat-offender specification is included in their indictments. The due-process argument is similar: the statute violates (substantive) due-process guarantees because it arbitrarily creates different punishment schemes depending on whether the repeat-offender specification is included.

{¶8} Mr. Ballard raises a facial challenge to the statute. That is, he doesn't argue that the statute was applied to him in an unconstitutional manner—for example, that he was singled out for harsh treatment because of some particular attribute or prosecutorial vindictiveness; rather he contends that the statute is unconstitutional on its face because it allows for differential treatment.

{¶9} The first step in both the equal-protection and due-process analyses is to locate the standard of review. Mr. Ballard makes no claim that the scheme burdens a

4

fundamental right or involves a suspect classification, so we apply only rational-basis review. *See State v. McKinney*, 1st Dist. Hamilton Nos. C-140743 and C-140744, 2015-Ohio-4398, ¶ 27. Under such review, "legislative distinctions are invalid only if they bear no relation to the state's goals and no ground can be conceived to justify them." *State v. Thompkins*, 75 Ohio St.3d 558, 561, 664 N.E.2d 926 (1996). Here, one can hardly quibble with the legislative judgment that those who repeatedly drive drunk ought to suffer enhanced punishments.

{¶10} But Ballard's beef is not so much with the rationality of enhanced punishments, but that the statute allows for prosecutorial discretion. Even though an offender has five OVIs, a prosecutor might not choose to seek the repeat-offender specification, and thus that lucky defendant would be subject to a much lesser punishment than the one Ballard received.

{¶11} Mr. Ballard faces an uphill struggle with the argument that he has chosen. Our criminal justice system is replete with situations where a defendant's sentence depends on the discretionary decisions of a prosecutor. Prosecutors frequently exercise discretion as to the offenses—and their level—with which to charge a particular defendant. In any case involving a specification, a prosecutor might choose not to seek the specification. Discretion continues after the initial charging process. The whole area of plea bargaining is rife with prosecutorial discretion. Similarly, prosecutors routinely exercise discretion in choosing whether to recommend or agree to a certain sentence. And of course, it is not just prosecutors who exercise discretion; judges exercise discretion in the process as well. So long as selectivity in enforcement is not based upon an unjustifiable standard (e.g., race, religion or other suspect classification), "the conscious exercise of some selectivity in enforcement" does not amount to a constitutional violation. *Bordenkircher v. Hayes*, 434 U.S. 357, 364-365, 98 S.Ct. 663,

54 L.Ed.2d 604 (1978), quoting *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). Once a "prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher* at 364.

{¶12} For support, Mr. Ballard looks to the Eighth Appellate District's decision in *State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-3227, a case that is now under review by the Ohio Supreme Court. The *Klembus* court found the repeat-offender specification unconstitutional based upon the Ohio Supreme Court's decision in *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979). In *Wilson*, the court noted that there was no violation of the Equal Protection Clause of the United States Constitution "when, based upon prosecutorial discretion, a person may be charged under more than one statute and thereby receive different penalties." *Id.* at 55. The court went on to state, however, that if "statutes prohibit identical activity, require identical proof, and yet impose different penalties, then sentencing a person under the statute with the higher penalty violates the Equal Protection Clause." *Id.* at 56. Relying upon this sentence, the court in *Klembus* concluded that, because the repeat-offender specification "does not require proof of any additional element to increase the penalty for the same conduct[,]" it unconstitutionally "allows the prosecutor to arbitrarily subject some individual defendants * * * to increased penalties that others are not subject to." *Klembus* at ¶ 21.

{¶13} We are not persuaded by the reasoning in *Klembus*. The court neglected to consider in its analysis that, a few months after the Ohio Supreme Court issued its decision in *Wilson*, the United States Supreme Court made a very different ruling in *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). There, a unanimous court rejected the analysis applied by the Ohio Supreme Court in *Wilson*

6

and subsequently by the Eighth District in *Klembus*. "There is no appreciable difference," the *Batchelder* court explained, "between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements." *Id.* at 125. "Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced." *Id.*

{¶14} The *Wilson* decision was decided solely on the grounds of the United States Constitution. *Wilson* at paragraph two of the syllabus. Thus, the United States Supreme Court's subsequent decision in *Batchelder* is controlling for purposes of Ballard's federal claims. Indeed, in the 35 years between the issuance of the *Batchelder* decision and *Klembus*, no Ohio appellate court had ever applied *Wilson* to find a criminal statute unconstitutional. Furthermore, Mr. Ballard has not presented anything that would suggest that a different result is warranted under the Ohio Constitution.

{¶15} We are not alone in rejecting the Eighth District's analysis in *Klembus*. The Third, Eleventh and Twelfth Districts have done the same. *See State v. Sprague,* 3d Dist. Auglaize No. 2-15-03, 2015-Ohio-3526; *State v. Reddick*, 11th Dist. Lake No. 2014-L-082, 2015-Ohio-1215; *State v. Hartsook*, 12th Dist. Warren No. CA2014-01-020, 2014-Ohio-4528.

{¶16} Thus, we hold that R.C. 2941.1413 does not on its face violate the Equal Protection Clauses or the Due Process Clauses of the United States and Ohio Constitutions. The first assignment of error is overruled.

### III.  The Court Didn't Err in Finding Ballard Guilty of the Specification

{¶17}  Mr. Ballard insists in his second assignment of error that the court erred when it found him guilty of the repeat-offender specification because one of the previous convictions listed in the indictment was not an OVI or "equivalent offense."  It appears that the wrong offense was listed in count one in the indictment.  The indictment referenced "C/97/TRC/11360" rather than "C/96/TRC/11360."  In the recitation of the facts to which Ballard pled, however, the assistant prosecuting attorney cited the correct OVI case number.  Mr. Ballard waived any challenge to the facts underlying his conviction when he pled no contest.  *See* Crim.R. 11(B)(2); *State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998).  The second assignment of error is overruled.

### IV.  The Court Didn't Err in Ordering the Suspension to Begin at Sentencing

{¶18}  Ballard's third assignment of error is that the court erred when it ordered that his ten-year driver's license suspension begin on the date of sentencing.  Mr. Ballard cites no legal authority for his contention that the suspension should have been made retroactive to the date of his arrest.

{¶19}  The court was required to order a driver's license suspension within the range of three years to life.  *See* R.C. 4511.19(G)(1)(d)(iv) and 4510.02.  Nothing in the statutes dictates when the suspension must begin.  Courts considering the start-date of license suspensions have recognized the discretion allowed to the trial court.  The Fourth Appellate District thus found no error when the court ordered the suspension to begin on the date of sentencing.  *See State v. Tetzlaff*, 4th Dist. Highland No. 712, 1990 Ohio App. LEXIS 1128, *9 (Mar. 7, 1990).  *See also State v. Jordan*, 10th Dist. Franklin Nos. 14AP-978 and 14AP-979, 2015-Ohio-4457, ¶ 24 ("Absent statutory indication that the suspension may not be deferred, a trial court acts within its sentencing discretion to order the suspension to be served upon the offender's release from prison.").

**{¶20}** We conclude that the court did not abuse its discretion when it ordered that the suspension start on the date of sentencing. The third assignment of error is overruled.

## V. The Sentence Wasn't Contrary to Law

**{¶21}** In the final assignment of error, Mr. Ballard argues that the aggregate three-year sentence imposed by the court was excessive. We may modify or vacate Ballard's sentence only if "we 'clearly and convincingly find' that either (1) the record does not support the mandatory sentencing findings, or (2) that the sentence is 'otherwise contrary to law.' " *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.). Because no findings were required, our review is limited to whether Ballard's sentence is clearly and convincingly contrary to law. Here, the one-year sentence for the specification and the 24-month sentence for the underlying OVI were within the statutory range. *See* R.C. 4511.19(G)(1)(d)(ii). And absent a demonstration to the contrary, we presume that the court considered the purposes and principles of sentencing. *See State v. Love*, 194 Ohio App.3d 16, 2011-Ohio-2224, 954 N.E.2d 202, ¶ 14 (1st Dist.). The fourth assignment of error is overruled.

**{¶22}** We therefore affirm the judgment of the trial court.

Judgment affirmed.

**MOCK** and **STAUTBERG, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.